### ZIELINSKI v. HARRIS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—GROSS INADEQUACY OF VERDICT.

On plaintiff's appeal from denial of new trial because of gross inadequacy of verdict in action for death of plaintiff's husband, Supreme Court will not disturb findings of jury on questions pertaining to the merits of the case such as questions of negligence and contributory negligence where defendants have not appealed.

2. TRIAL—FINDING OF LIABILITY—ASSESSMENT OF DAMAGES.

In action for death of plaintiff's husband where jury found liability existed, it was its duty to assess damages in accordance with the evidence presented.

3. NEW TRIAL—GROSSLY INADEQUATE VERDICT.

In action for death of plaintiff's decedent in which jury gave a verdict to plaintiff in a grossly inadequate amount and defendants made no motion for a directed verdict and did not appeal, denial of plaintiff's motion for a new trial was error.

4. DEATH—DAMAGES—GROSSLY INADEQUATE VERDICT.

Verdict of $1,000 in action for death of plaintiff's husband who had a life expectancy of 25.99 years; whose earnings averaged between $1,500 and $2,000 per year; whose medical bills as a result of the accident were $115; whose automobile was damaged in the sum of $625; and who suffered intense pain during the 4 days he survived, *held*, grossly inadequate and contrary to the great weight of the evidence pertaining to the damages sustained.

Appeal from Bay; McCormick (James L.), J. Submitted April 14, 1939. (Docket No. 84, Calendar No. 40,480.) Decided June 22, 1939.

Case by Gertrude Zielinski, administratrix of the estate of Joseph Zielinski, deceased, against Donald

R. Harris, Wilbur J. Harris, George P. Harris, and Gladys Harris Walton, doing business as Harris Truck & Storage Company, for damages under survival act. From verdict and judgment in an insufficient amount, plaintiff appeals. Reversed and new trial granted.

*Carl H. Smith* (*Mark T. Davis,* of counsel), for plaintiff.

*Arthur J. Kinnane,* for defendants.

CHANDLER, J. Plaintiff, as administratrix, instituted this suit to recover damages for the death of her husband arising out of an automobile accident which occurred October 14, 1936, and which is alleged to have been caused by the negligence of defendants in the operation of a truck. The case was submitted to the jury, who returned a verdict for plaintiff in the amount of $1,000. Plaintiff then moved for a new trial on the grounds that the verdict rendered was contrary to the great weight of the evidence; that it was the result of a compromise; and shockingly inadequate. The motion was denied, and this appeal followed.

Defendants made no motion for a directed verdict and have taken no appeal, but argue that the evidence clearly shows that they were guilty of no negligence, and that deceased was guilty of contributory negligence. Based on this argument, they contend that plaintiff was entitled to no damages, and, therefore, cannot complain of the verdict rendered. This theory was adopted by the trial court in disposing of the motion for a new trial.

A statement of the facts and circumstances surrounding the occurrence is not essential. The case was submitted to the jury, who, in returning a ver-

dict for plaintiff in the amount of $1,000, must have found defendants guilty of negligence as charged, and that deceased was free from contributory negligence. Defendants have not appealed, and it is not within the province of this court to disturb the jury's findings on these questions pertaining to the merits of the case.

Having found that liability existed, it was their duty to assess damages in accordance with the evidence presented.

"By their verdict the jury found defendant guilty of negligence, and they must necessarily have found, under the instructions of the court, that plaintiff was free from contributory negligence. This being true, the remaining consideration for the jury was the assessment of plaintiff's damages. The uncontradicted testimony shows that she was entitled to substantial damages. It will hardly do to say that the verdict was equivalent to a verdict of 'Not guilty.' It possibly may have been in dollars, but not in law. There is this difference: A six-cent verdict fixes upon defendant the responsibility for the collision. A verdict of 'Not guilty' exonerates him therefrom. The trial court explained to the jury in detail what their duties were in the premises, and opened the way for them to find that defendant was without fault, but they persisted in finding him guilty, and they should have followed that finding by an allowance of some reasonable compensation for what she had lost and suffered by reason of that negligence." *Walker* v. *Britton,* 193 Mich. 174.

The evidence shows that deceased had a life expectancy of 25.99 years; that his earnings averaged between $1,500 and $2,000 per year; that medical bills as a result of the accident totalled $115; and, that his automobile was damaged in the sum of $625. In addition, his injuries were severe and he

survived for four days, during which period he
suffered intense pain. It is apparent that the ver-
dict of $1,000 was grossly inadequate and contrary
to the great weight of the evidence pertaining to
the damages sustained.

The judgment is reversed and a new trial granted,
with costs to plaintiff.

Butzel, C. J., and Wiest, Bushnell, Sharpe,
Potter, North, and McAllister, JJ., concurred.