BURTKA v ALLIED INTEGRATED DIAGNOSTIC SERVICES, INC

Docket No. 101111. Submitted June 28, 1988, at Detroit. Decided March 20, 1989.

James Burtka brought a wrongful discharge action in Oakland Circuit Court against Allied Integrated Diagnostic Services, Inc. At the jury trial, defendant stipulated to the admission of an exhibit prepared by plaintiff which calculated plaintiff's damages consisting of lost pay to be $135,000. The jury returned a verdict in plaintiff's favor and awarded $3,877 in damages. Plaintiff filed a motion for additur or, in the alternative, a new trial. The trial court, James S. Thorburn, J., denied the motion. Plaintiff appealed.

The Court of Appeals *held:*

The jury verdict was so clearly inadequate and so contrary to the great weight of the evidence that it shocks the judicial conscience. Plaintiff's evidence as to damages was uncontroverted at trial. Defendant offered no evidence regarding damages or mitigation of damages.

Reversed and remanded for a new trial limited to the issue of damages.

M. WARSHAWSKY, J., dissented and would hold that the jury was free to disbelieve evidence presented by plaintiff and that the trial court therefore did not abuse its discretion in denying the motion for additur or a new trial since the verdict was not so grossly inadequate and so contrary to the great weight of the evidence as to shock the conscience. Judge WARSHAWSKY would affirm.

1. MOTIONS AND ORDERS — ADDITUR — NEW TRIAL — APPEAL.

The standard of review in an appeal from a grant or denial of a motion for additur or, in the alternative, a new trial is whether the verdict is so clearly or grossly inadequate and so contrary to the great weight of the evidence pertaining to damages

REFERENCES

Am Jur 2d, Appeal and Error §§ 850-852, 946.

Appellate court's power to increase amount of verdict or judgment over either party's refusal or failure to consent to addition. 56 ALR2d 255.

sustained by the plaintiff as to shock the judicial conscience; the grant or denial of such motion is left to the discretion of the trial court and will not be disturbed on appeal absent a palpable abuse of that discretion (MCL 2.611[A] and [E]).

2. MOTIONS AND ORDERS — ADDITUR.
   Where a jury verdict ignores uncontroverted damages of the plaintiff, the verdict is inadequate and must be reversed.

*Levin, Levin, Garvett & Dill* (by *Richard E. Moblo*), for plaintiff.

*Steven H. Malach*, for defendant.

Before: MICHAEL J. KELLY, P.J., and MAHER and M. WARSHAWSKY,* JJ.

MICHAEL J. KELLY, P.J. After a five-day trial, a circuit court jury found defendant Allied Integrated Diagnostic Services, Inc., liable for discharging plaintiff James Burtka from his employment without cause. The jury also found that plaintiff had sustained damages in the amount of $3,877. Plaintiff moved for judgment notwithstanding the verdict or, in the alternative, additur or partial new trial, which the circuit court denied. Plaintiff appeals this denial as of right. We reverse, and remand for a new trial limited to the issue of damages.

Plaintiff was employed by defendant in 1980 and worked as a lab administrator and supervisor until his discharge on August 17, 1983. According to plaintiff, he was fired without cause in violation of the personnel manual. Defendant denied that the company's personnel manual applied to supervisors like plaintiff. According to defendant, plaintiff was discharged because of several problems, including failure to complete three reports. Plaintiff claimed that his damages for lost pay were

* Circuit judge, sitting on the Court of Appeals by assignment.

$135,000. Plaintiff reached this figure by totaling the wages he would have earned and subtracting severance pay, unemployment compensation, and other wages received. At trial, defendant stipulated to the introduction of plaintiff's Exhibit 19 in which plaintiff had calculated these damages.

The jury was instructed that the burden was upon defendant to prove that plaintiff had failed to mitigate damages. The jury was also instructed that it could find that defendant satisfied its burden if defendant showed that plaintiff failed to exercise reasonable diligence to obtain a substantially equivalent position.

The jury found that: (1) the personnel manual applied to plaintiff; (2) defendant lacked just cause to fire plaintiff; (3) plaintiff was not discharged in accordance with the personnel manual; and (4) plaintiff sustained damages of $3,877. After receipt of this verdict, plaintiff timely moved for judgment notwithstanding the verdict or, in the alternative, additur or a partial new trial. The circuit court denied these motions.

Plaintiff argues that the trial court erred by denying plaintiff's motion for additur or, in the alternative, partial new trial, where the jury verdict was substantially less than plaintiff's uncontroverted wage loss. We agree.

MCR 2.611(A) provides in pertinent part:

(1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

\* \* \*

(d) A verdict clearly or grossly inadequate or excessive.

(e) A verdict or decision against the great weight of the evidence or contrary to law.

MCR 2.611(E), Remittitur and Additur, provides in part:

> (1) If the court finds that the only error in the trial is the inadequacy or excessiveness of the verdict, it may deny a motion for new trial on condition that within 14 days the nonmoving party consent in writing to the entry of judgment in an amount found by the court to be the lowest (if the verdict was inadequate) or highest (if the verdict was excessive) amount the evidence will support.

The standard of review in an appeal from the grant or denial of a motion for additur or, in the alternative, a new trial is whether the verdict is so "clearly or grossly inadequate and so contrary to the great weight of the evidence pertaining to damages sustained by plaintiff as to shock the judicial conscience." *Moore v Spangler,* 401 Mich 360, 373; 258 NW2d 34 (1977). This determination is left to the discretion of the trial court and will not be disturbed on appeal absent a palpable abuse of that discretion. *Id.,* p 372; *Brown v Arnold,* 303 Mich 616, 627; 6 NW2d 914 (1942). It is well settled that where a jury verdict ignores "uncontroverted" damages of the plaintiff, the verdict is inadequate and must be reversed. *Moore, supra,* p 372; *Zielinski v Harris,* 289 Mich 381; 286 NW 654 (1939).

We agree with plaintiff that the jury verdict was so clearly inadequate and so contrary to the great weight of the evidence that it shocks the judicial conscience. Plaintiff's Exhibit 19 calculated plaintiff's damages at $135,000. This evidence was uncontroverted at trial. It was defendant's burden to establish that substantial equivalent employment was available and that plaintiff failed to use reasonable care and due diligence in seeking such employment. *Reithmiller v Blue Cross & Blue*

*Shield of Michigan,* 151 Mich App 188, 194; 390
NW2d 227 (1986). Defendant did not meet this
burden. Defendant offered no evidence regarding
damages or mitigation of damages, and in fact
stipulated to the introduction of plaintiff's Exhibit
19.

With regard to the trial judge's reasons for
denying plaintiff's motions for additur or for a new
trial, we note that these reasons are not discerni-
ble from the record below. The court's order deny-
ing plaintiff's motion states that it was based upon
the court's statement of reasons placed on the
record on April 8, 1987. That statement of reasons
is a one liner—not expositive of the court's assess-
ment of the evidence or the defendant's burden of
proof. The court stated only:

> The court's of the opinion that the jury verdict
> was within the range of the proofs and will deny
> the motion.

The trial judge's exercise of discretion is a mystery
as far as this record is concerned. Since we are left
completely in the dark as to the trial court's
refusal to grant additur, the only proper remedy is
to remand this case for a new trial limited to the
issue of damages.

Reversed and remanded for proceedings consis-
tent with this opinion.

MAHER, J., concurred.

M. WARSHAWSKY, J. *(dissenting).* I respectfully
dissent from the majority opinion in this matter. I
do not agree that the jury verdict was so grossly
inadequate and so contrary to the great weight of
the evidence as to shock the conscience.

Although plaintiff's Exhibit 19, which calculated

plaintiff's damages, was received into evidence by stipulation of defense counsel, the record does not support a conclusion that defendant stipulated to the accuracy or veracity of the exhibit or to the amount of plaintiff's damages. See *Farm Bureau Mutual Ins Co v Wood,* 165 Mich App 9, 18; 418 NW2d 408 (1987).

On cross-examination, plaintiff testified that he derived no income from his construction company in 1984 and 1985, but that he earned approximately $4,000 to $5,000 in 1986. However, when asked whether he had any financial statements to verify the income derived in 1984, 1985, and 1986, plaintiff indicated that he did not.

The mere fact that plaintiff testified in this regard did not "conclusively and irrefutably" establish plaintiff's damages as uncontroverted. See *Moore v Spangler,* 401 Mich 360, 375; 258 NW2d 34 (1977). The jury was free to disbelieve plaintiff, and it appears they were not impressed as to his candor. The jury sat on this case for five days and had ample opportunity to evaluate the testimony and the credibility of the witnesses. We are thus bound to afford considerable respect to the jury verdict. *Moore, supra,* p 378.

Accordingly, I conclude that the trial judge did not abuse his discretion in denying plaintiff's motion for additur or new trial.

I would affirm the circuit court.