McMILLAN v AUTO CLUB INSURANCE ASSOCIATION

AUTO CLUB INSURANCE ASSOCIATION v McMILLAN

Docket Nos. 123193, 137222. Submitted February 12, 1992, at Detroit. Decided May 14, 1992; approved for publication August 13, 1992, at 9:05 ᴀ.ᴍ. Leave to appeal sought.

John McMillan, for himself and as guardian and conservator of Charyl McMillan, brought an action in the Oakland Circuit Court against Auto Club Insurance Association, seeking no-fault benefits for a disability sustained by Charyl McMillan. A jury awarded damages in an amount less than McMillan sought. The court, Robert L. Templin, J., denied McMillan's motions for costs, additur or a new trial with respect to damages, and a judgment for no-fault penalty interest notwithstanding the verdict. McMillan appealed.

Auto Club then brought an action in the same court against McMillan, individually and in his representative capacity, seeking a declaration that it had no further liability in connection with Charyl McMillan's disability. The same judge granted summary disposition for Auto Club. McMillan appealed, and the appeals were consolidated.

The Court of Appeals *held:*

1. The trial court erred in denying McMillan's motion for costs. Pursuant to MCR 2.625(A)(1), taxable costs of litigation are allowed the prevailing party in an action unless prohibited by statute or court rule, or unless the trial court directs otherwise for reasons stated in writing and filed in the action. In this case, McMillan was the prevailing party on the single cause of action against Auto Club, even though he received damages in an amount less than requested, and the trial court failed to provide written reasons for denying the motion for costs.

2. The trial court did not abuse its discretion in denying

Rᴇꜰᴇʀᴇɴᴄᴇꜱ

Am Jur 2d, Automobile Insurance § 344; Costs §§ 11, 14; Damages §§ 1029-1031.

Automobile insurer's liability for statutory excess interest for delayed payment of no-fault claim. 14 ALR4th 761.

McMillan's motions for additur or a new trial with regard to damages. The jury's award was supported by the evidence.

3. The trial court erred in denying no-fault penalty interest. MCL 500.3142; MSA 24.13142 provides that such interest is available where a claimant presents reasonable proof of a claim and thirty days elapse without the insurer paying the claim. In this case, reasonable proof of McMillan's claim was presented to Auto Club no later than the close of proofs in his action, and McMillan is entitled to penalty interest beginning thirty days after that date.

4. The trial court erred in granting summary disposition for Auto Club in its action against McMillan. Summary disposition should have been granted for McMillan on the ground of res judicata.

Remanded for further proceedings in Docket No. 123193. Remanded for entry of judgment for McMillan in Docket No. 137222.

1. COSTS — SINGLE CAUSE OF ACTION — PREVAILING PARTY.

Where a single cause of action is alleged, the party that prevails on the entire record, even though being awarded damages less than requested, is the prevailing party and is entitled to costs unless a statute or court rule disallows it, or unless the trial court directs otherwise for reasons stated in writing and filed in the action (MCR 2.625[A][1], [B][2]).

2. DAMAGES — ADDITUR — APPEAL.

A trial court, in deciding whether to grant a motion for additur, must examine whether the evidence supports the jury's verdict; the trial court's ruling will not be reversed on appeal absent an abuse of discretion.

3. INSURANCE — NO-FAULT — DENIAL OF CLAIMS — PENALTY INTEREST.

Penalty interest for a no-fault insurer's denial of a claim is not available until the claimant has presented the insurer with reasonable proof of the claim and thirty days have passed without the insurer paying the claim (MCL 500.3142; MSA 24.13142).

*Miller & Lemberg, P.C.* (by *Wayne J. Miller* and *Lisa A. Welton*), for the plaintiffs.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *David J. Lanctot*)

(*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.,* by *James G. Gross* and *Mary T. Nemeth,* of Counsel), for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ.

PER CURIAM. Plaintiff John McMillan, individually and as guardian and conservator of Charyl McMillan, filed an action against no-fault automobile insurer Auto Club Insurance Association (ACIA) on September 6, 1986, claiming that Charyl McMillan's disability from her preexisting condition (multiple sclerosis) was the result of an automobile accident that occurred in February 1984, and, therefore, she was entitled to no-fault insurance benefits. Following a jury trial on plaintiff's claims, judgment was entered in favor of plaintiff. The jury found that Charyl McMillan's disability had arisen out of the automobile accident. Plaintiff was awarded damages in the amount of $60,000. Plaintiff then filed posttrial motions for, among other things, taxable costs, additur or a new trial on the issue of damages, and judgment for no-fault penalty interest notwithstanding the verdict. These motions were denied by the trial court in an order dated November 3, 1989. Plaintiff appealed as of right (Docket No. 123193).

On November 30, 1989, ACIA filed an action against plaintiff, seeking a declaratory judgment that it had no further liability to plaintiff in connection with Charyl McMillan's automobile accident. Cross-motions for summary disposition were filed. The trial court granted ACIA's motion for summary disposition in an order dated January 7, 1991. Plaintiff again appealed as of right (Docket No. 137222). Plaintiff's appeals were consolidated by order of this Court.

Plaintiff first argues that the trial court erred in denying his posttrial motion for costs under MCR 2.625. We agree.

Taxable costs of litigation are allowed the prevailing party in an action unless prohibited by statute or court rule, or unless the trial court directs otherwise for reasons stated in writing and filed in the action. MCR 2.625(A)(1); *Check Reporting Services, Inc, v Michigan Nat'l Bank-Leasing,* 191 Mich App 614, 629; 478 NW2d 893 (1991). In this case, the trial court denied plaintiff's request for costs, but failed to state its reasons for doing so in writing as required by the court rule. However, the record reveals that the trial court's reason for denying plaintiff's motion for costs was that, because plaintiff sought $300,000 in damages but obtained only a $60,000 jury verdict, plaintiff was not the prevailing party.

Where there is only one cause of action, the party who prevails on the entire record is deemed to be the prevailing party. MCR 2.625(B)(2). Plaintiff was the prevailing party in this matter. Plaintiff's claim was that Charyl McMillan's disability arose out of a 1984 automobile accident, and, therefore, she was entitled to no-fault insurance benefits. The jury so found, and, therefore, plaintiff succeeded in his claim against defendant. The fact that plaintiff did not obtain the total amount of damages sought does not prohibit him from being the prevailing party under MCR 2.625(B)(2).

The trial court's reliance on *Marina Bay Condominiums, Inc v Schlegel,* 167 Mich App 602; 423 NW2d 284 (1988), is misplaced. *Marina Bay* stands for the proposition that where a party does not succeed on its claim, it is not a prevailing party even if its position is improved as a result of the litigation. The *Marina Bay* case does not stand for the proposition that a party receiving less than all

the damages sought at trial is not a prevailing party.

Plaintiff next argues that the trial court erred in denying his request for additur or, in the alternative, a new trial on the issue of damages. We disagree. An appellate court must accord due deference to the trial court's decision regarding the grant or denial of additur and should reverse the trial court's decision only if an abuse of discretion is shown. *Palenkas v Beaumont Hosp,* 432 Mich 527, 531; 443 NW2d 354 (1989); *Wilson v General Motors Corp,* 183 Mich App 21, 38; 454 NW2d 405 (1990). The proper consideration in granting or denying additur is whether the jury award is supported by the evidence. *Palenkas, supra* at 532; *Wilson, supra* at 38. Further, trial courts have discretion in granting new trials, and appellate courts will not interfere absent a palpable abuse of discretion. *Palenkas, supra.*

After reviewing the record, we conclude that the jury award of $60,000, although much less than that sought by plaintiff, is supported by the evidence presented at trial. Therefore, the trial court did not abuse its discretion in denying plaintiff's motion for additur or, in the alternative, a new trial.

Next, plaintiff argues that the trial court erred in denying his motion for an award of no-fault penalty interest. No-fault penalty interest is not available until the no-fault claimant has presented the insurer with reasonable proof of the claim and thirty days have passed without the insurer paying the claim. MCL 500.3142; MSA 24.13142. As plaintiff concedes, the jury could have found that reasonable proof of plaintiff's claim had not been presented to ACIA until sometime during the trial. Although we cannot say with certainty at what point during the trial ACIA had reasonable proof of

plaintiff's claim, reasonable proof must have been presented to ACIA by the close of evidence on September 8, 1989. Therefore, as ACIA concedes, plaintiff is entitled to no-fault penalty interests from October 8, 1989.

Plaintiff's next claim is that the trial court erred in granting ACIA's motion for summary disposition in its action for a declaratory judgment that it had no further liability to plaintiffs in connection with Charyl McMillan's automobile accident. We agree.

A party is barred from litigating a claim by the doctrine of res judicata if the same parties have litigated the claim before. Res judicata requires (1) the same parties, (2) the same claim, and (3) a judgment on the merits. *Curry v Detroit,* 394 Mich 327, 331; 231 NW2d 57 (1975). Acia's action for a declaratory judgment involved the same parties as plaintiff's claim for no-fault disability benefits. The first action included a claim for judgment regarding ACIA's ongoing liability to plaintiff. Lastly, a judgment was rendered on the merits in the first action upon a finding that Charyl McMillan's disability arose out of the 1984 automobile accident. In the first action, plaintiff sought, litigated, and received a judgment providing for ACIA's ongoing responsibility to cover Charyl McMillan's disability. Acia never objected to the judgment rendered in the first action or sought to appeal it. Instead, ACIA sought a declaratory judgment that is in direct conflict with a judgment entered against it. The doctrine of res judicata bars ACIA from relitigating its responsibility to plaintiff. The trial court erred in granting ACIA's motion for summary disposition and in denying plaintiff's motion for summary disposition.

Lastly, we find no merit in the final issue raised by plaintiff on appeal. The trial court *did* not

decide that its prior ruling on plaintiff's motion for additur collaterally estopped plaintiff from litigating in the second action the interpretation of the jury's verdict in the first action.

Docket No. 123193 is remanded to the trial court for further proceedings consistent with this opinion. Docket No. 137222 is remanded to the trial court for entry of judgment in favor of the plaintiff.