McMILLAN v AUTO CLUB INSURANCE ASSOCIATION (ON REMAND)

AUTO CLUB INSURANCE ASSOCIATION v McMILLAN (ON REMAND)

Docket Nos. 123193; 137222. Submitted February 12, 1992, at Detroit. Decided April 5, 1993, at 10:20 A.M.

John McMillan, for himself and as guardian and conservator of Charyl McMillan, brought an action in the Oakland Circuit Court against Auto Club Insurance Association, seeking no-fault benefits for a disability sustained by Charyl McMillan. A jury awarded damages in an amount less than McMillan sought. The court, Robert L. Templin, J., denied McMillan's motions for costs, additur, or a new trial with respect to damages, and a judgment for no-fault penalty interest notwithstanding the verdict. McMillan appealed.

ACIA then brought an action in the same court against McMillan, individually and in his representative capacity, seeking a declaration that it had no further liability in connection with Charyl McMillan's disability. The same judge granted summary disposition for ACIA. McMillan appealed, and the appeals were consolidated. The Court of Appeals, DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ., remanded for further proceedings in the action brought by McMillan (Docket No. 123193) and remanded for entry of judgment for McMillan in the action brought by ACIA (Docket No. 137222). 195 Mich App 463 (1992). The Supreme Court, in lieu of granting leave to appeal, remanded the cases to the Court of Appeals for clarification of its ruling and its directions to the trial court on remand.

On remand, the Court of Appeals held:

John McMillan, personally and in his capacity as guardian and conservator of Charyl McMillan, is entitled to future no-fault benefits, and ACIA is liable to pay future no-fault benefits that are reasonably incurred, necessary, and appropriate. The award by the jury in the first-party action of only twenty percent of the claimed benefits has no effect on ACIA's ongoing liability for future first-party no-fault benefits. The jury properly and appropriately may have considered that the costs

incurred were unreasonable or unnecessary. Such a finding cannot be applied to future benefits. Acia's attorneys correctly interpreted the rulings and inconsistencies of the Court of Appeals in its pleading entitled Appellee's Motion for Review of Taxation of Costs, dated July 28, 1992.

*Miller & Lemberg, P.C.* (by *Wayne J. Miller* and *Lisa A. Welton*), for John McMillan.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *David J. Lanctot*) (*Gross & Nemeth,* by *James G. Gross* and *Mary T. Nemeth,* of Counsel), for Auto Club Insurance Association.

ON REMAND

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ.

MICHAEL J. KELLY, J. Pursuant to the Supreme Court's order of February 8, 1993, this Court advises all parties, the Supreme Court, and the Oakland Circuit Court that its rulings and inconsistencies were correctly interpreted by Auto Club Insurance Association's attorneys in its pleading entitled Appellee's Motion for Review of Taxation of Costs, dated July 28, 1992, which is attached hereto as Appendix A.

This Court ruled that John McMillan, individually and as guardian and conservator of Charyl McMillan is entitled to future no-fault benefits and that ACIA, a Michigan corporation and a Michigan reciprocal interinsurance exchange, is liable to pay future no-fault benefits. 195 Mich App 463; 491 NW2d 593 (1992). Obviously, such benefits must be reasonably incurred, necessary, and appropriate. The Supreme Court has ordered that we consider ACIA's arguments concerning the effect that the

award by the jury in the first-party action of only twenty percent of the claimed benefits has upon ACIA's ongoing liability for future first-party no-fault benefits. We consider that it has no effect. The jury may have properly and appropriately considered that the costs incurred were unreasonable or unnecessary. Such a finding cannot be applied to future benefits.

The Supreme Court having retained jurisdiction, any further applications, requests, or pleadings shall be addressed to that Court.

### APPENDIX A

#### APPELLEE'S MOTION FOR REVIEW OF TAXATION OF COSTS

Now comes Appellee, Auto Club Insurance Association (ACIA), by and through its attorneys, Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor, and its attorneys of counsel Gross & Nemeth, and in support of its Motion for Review of Taxation of Costs, pursuant to MCR 7.219(E), states as follows:

1. On May 14, 1992, Judges DOCTOROFF, KELLY and BRENNAN issued a per curiam opinion resolving Appellant's two consolidated appeals. (Appendix A). The opinion does not indicate which, if either, party is entitled to tax costs under MCR 7.219(A).

2. In Docket No. 123193, Appellant prevailed on only one of three issues he presented i.e., Appellant was entitled to approximately $6,000 in trial court costs under MCR 2.625(A)(1) because Appellant received a $60,000 judgment.

3. ACIA prevailed on the remaining two issues in Docket No. 123193, i.e., Appellant was not entitled to additur to $194,000 or a new trial on damages,

and was not entitled to 12% no-fault penalty interest before October 8, 1989.

4. In Docket No. 137222, Appellant prevailed on the sole issue presented, i.e., the jury's answer to Question 1 of the verdict form in Docket No. 123193 require ACIA to pay future no-fault benefits.

5. On June 10, 1992, Appellant filed a Bill of Costs with the Clerk of this Court, seeking $3,965.42, in appellate costs pursuant to MCR 7.219. (Appendix B).

6. On June 17, 1992, ACIA filed Objections to Appellant's Bill of Costs, pursuant to MCR 7.219(C). ACIA argued that neither party was entitled to costs because neither had prevailed in full on appeal or, alternatively, that Appellant was only entitled to costs related to those two issues on which he prevailed on appeal. (Appendix C).

7. On June 24, 1992, Appellant filed a response to ACIA's objections, arguing that he was entitled to all requested costs because he had improved his position on appeal. (Appendix D).

8. On July 21, 1992, the Clerk of this Court taxed all costs requested because Appellant had improved his position on appeal. The Clerk further stated that it did not have the authority to rule on ACIA's objections, but that such objections could be raised by filing a motion with this Court pursuant to MCR 7.219(E). (Appendix E).

9. Since neither party fully prevailed on appeal, ACIA requests that this Court exercise its discretion and refuse to award costs to either party. Under MCL 600.2445(1), MSA 27A.2445(1); and MCR 7.219(a), this Court can direct that no appellate costs be taxed. In numerous cases, appellate courts have declined to award costs to either party where neither prevailed in full on appeal. *See e.g., Borman's Inc v City of Detroit,* 386 Mich 250, 257 (1971); *McCoy v DeLiefde,* 376 Mich 198, 208

[1965]; *Cooley v Mid-Century Ins Co,* 52 Mich App 612, 618 (1974); *Mixon v Mixon,* 51 Mich App 696, 703 (1974); *Hite v Evart Products Co,* 34 Mich App 247, 259 (1971). See also additional case law digested at 7 West's Michigan Digest [2d ed], Costs, Key No. 230.

10. Alternatively, costs should be apportioned and taxed according to those issues on which Appellant prevailed on appeal. MCR 2.625(B)(2), which is incorporated by reference in MCR 7.219(H), provides that in actions with several issues or counts, "the party prevailing on each issue or count may be allowed costs for that issue or count". See also *Jordan v Whiting Corp (On Rehearing),* 49 Mich App 481, 495-496 (1973), *rev'd on other grounds,* 396 Mich 145, 151 (1976).

11. If costs are apportioned, Appellant should not be allowed to recover costs for the trial transcript and copies thereof because those transcripts were unnecessary to the resolution of the issues on which Appellant prevailed on appeal. The transcripts were necessary only for the issues upon which ACIA prevailed, i.e., additur or new trial as to damages, and no-fault penalty interest.

12. In Docket No. 123193, Appellant is entitled to tax only the following requested costs related to Issue I of that appeal:

(a) Filing Fees

| | |
|---|---|
| Claim of Appeal - Court of Appeals | $100.00 |
| - Circuit Court | 10.00 |
| Motion to Extend Time | 25.00 |
| Motion for Leave to File Supplemental Brief | 25.00 |
| Motion to Strike Oral Argument | 50.00 |

(b) November 1, 1989 Motion Transcript    61.10

(c) Appellate Briefs ($1.00 per page)
Plaintiff-Appellant's Brief
on Appeal (5/9/90)    28.00

Plaintiff-Appellant's
Supplemental Brief (10/29/90)        12.00
Plaintiff-Appellant's Response
Brief (4/12/91)                               9.00

TOTAL                                    $320.10

13. In Docket No. 137222, Appellant is entitled to tax the following requested costs:

(a) Filing Fees
    Claim of Appeal - Court of Appeals    $100.00
                      - Circuit Court        10.00
(b) November 30, 1990 Motion Transcript      35.00
(c) Appellate Briefs ($1.00 per page)
    Defendants-Appellants' Amended Brief
    on Appeal (3/27/91)                       46.00
    Defendants-Appellants' Supplemental
    Brief (1/23/92)                           11.00

TOTAL                                    $202.00

14. The maximum, total amount which can be taxed for the issues on which Appellant prevailed in these appeals is $522.10.

15. If costs are apportioned, ACIA does *not* seek an award of costs for the issues on which ACIA prevailed on appeal.

Wherefore, Appellee, Auto Club Insurance Association, respectfully requests this Honorable Court to declare that no costs should be taxed on appeal pursuant to MCL 600.2445(1), MSA 27A.2445(1); MCR 7.219(A), because neither party prevailed in full.

In the alternative Appellee requests that costs be apportioned and taxed only on those two issues on which Appellant prevailed on appeal pursuant to MCR 7.219(H) and MCR 2.625(B)(2), and that Appellant be awarded no more than $522.10.

Brandt, Hanlon Becker,
Lanctot,
McCutcheon,
Schoolmaster & Taylor
By: David J. Lanctot (P16378)
Attorneys for ACIA
1700 First Federal Building
Detroit, MI 48226
(313) 237-5648

Gross & Nemeth

/s/ _____

By: Mary T. Nemeth (P34851)
Attorneys of Counsel for ACIA
444 Penobscot Building
Detroit, MI 48226
(313) 963-8200

Dated: July 28, 1992