ARNOLD v DARCZY

Docket No. 150511. Submitted November 2, 1994, at Detroit. Decided
February 21, 1995, at 9:05 A.M.

Keith Arnold brought an action in the St. Clair Circuit Court
against Danielle Darczy and Judaline Darczy, seeking damages
for injuries sustained in a motorcycle accident. A jury returned
a verdict for the plaintiff and awarded him damages of $100,-
000. The court, James T. Corden, J., granted the plaintiff a new
trial or additur in the amount of $150,000. The defendants
appealed.

The Court of Appeals *held:*

The trial court did not abuse its discretion in granting
additur or a new trial. The verdict was inadequate because
uncontroverted evidence, which the jury ignored, indicated that
an award of future damages was warranted. However, remand
for recomputation of additur is necessary because the trial
court improperly considered the pretrial settlement negotia-
tions and the mediation evaluation in computing the amount of
additur and failed to cite trial evidence in support of its finding
that $250,000 was the lowest amount of damages the evidence
would support.

Affirmed in part, reversed in part, and remanded.

MICHAEL J. KELLY, J., dissenting, stated that, rather than
reversing the amount of additur, the Court of Appeals should
remand for a hearing at which both sides would present evi-
dence of the lowest appropriate amount of additur, after which
the trial court could adjust additur as necessary.

1. MOTIONS AND ORDERS — ADDITUR — NEW TRIAL.

The grant or denial of a motion for additur or a new trial rests in
the trial court's discretion and will not be reversed on appeal in
the absence of an abuse of discretion.

REFERENCES

Am Jur 2d, Damages §§ 1030, 1031; New Trial §§ 394, 408; Trial
§ 1890.

Court's power to increase amount of verdict or judgment over either
party's refusal or failure to consent to addition. 56 ALR2d 213.

2. MOTIONS AND ORDERS — ADDITUR — SETTLEMENT NEGOTIATIONS — MEDIATION EVALUATIONS.

A trial court, when computing additur, may not consider pretrial settlement negotiations or mediation evaluations (MRE 408; MCR 2.403[N][2]).

3. MOTIONS AND ORDERS — ADDITUR.

Additur set by a trial court must be the lowest the evidence will support (MCR 2.611[E]).

*Ronald J. Allen,* for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Rosalind Rochkind* and *Millard Becker, Jr.*), for the defendants.

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and E. R. POST,* JJ.

FITZGERALD, P.J. A trial was held in this case solely to decide the issue of damages incurred by plaintiff as a result of a motorcycle accident for which defendants admitted liability. A jury returned a verdict in the amount of $100,000. Plaintiff moved for a new trial or additur, claiming that the jury verdict ignored the permanent nature of his injuries and failed to compensate him for future damages. The trial court granted a new trial or additur in the amount of $150,000. Defendants now appeal by leave granted. We affirm in part, reverse in part, and remand.

Defendants first contend that the trial court's decision to grant additur was an abuse of discretion. We disagree. An appellate court must accord due deference to the trial court's decision regarding the grant or denial of additur and should reverse the trial court's decision only if an abuse of discretion is shown. *Palenkas v Beaumont Hosp,* 432 Mich 527, 531; 443 NW2d 354 (1989); *McMil-*

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

*lan v Auto Club Ins Ass'n*, 195 Mich App 463, 467; 491 NW2d 593 (1992). The proper consideration in granting or denying additur is whether the jury award is supported by the evidence. *Id.* Additionally, trial courts have discretion in granting a new trial, and appellate courts will not interfere absent a palpable abuse of discretion. *Id.*

Here, the trial court justified its award of additur on the ground that uncontroverted evidence warranted an award of future damages. The record reveals that the evidence with regard to scarring and lingering swelling was uncontroverted and was ignored by the jury.[1] The verdict was therefore inadequate and the trial court properly exercised its discretion in granting a new trial or additur. MCL 600.6098; MSA 27A.6098; *Burtka v Allied Integrated Diagnostic Services, Inc,* 175 Mich App 777, 780; 438 NW2d 342 (1989).

However, the trial court improperly considered pretrial settlement negotiations and a mediation evaluation in computing additur. Evidence of settlement negotiations is inadmissible to prove either liability or the amount of damages. MRE 408. Further, mediation evaluations may not be considered by the trier of fact in assessing damages. MCR 2.403(N)(2). Because settlement negotiations and mediation evaluations are generally inadmissible as evidence of damages, it follows that trial courts lack discretion to consider settlement proposals and mediation evaluations when computing additur under MCR 2.611(E), which provides that any additur set by the court must be the lowest the *evidence* will support. See, e.g., *Precopio v*

---

[1] The trial court also found that the evidence with respect to a deformity and a limp was uncontroverted. A review of the medical testimony presented at trial, however, reveals that this finding is clearly erroneous. On remand, the trial court is not to consider such evidence in computing additur.

*Detroit,* 415 Mich 457, 473-474; 330 NW2d 802 (1982). Here, the trial court did not cite any trial evidence in support of its finding that $250,000 is the lowest amount of damages the evidence would support. Consequently, reversal of the amount of additur is required, and the case is remanded to the trial court for proper consideration of the evidence in computing additur.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

E. R. POST, J., concurred.

MICHAEL J. KELLY, J. *(dissenting).* Rather than reverse the amount of additur, I would remand to the trial court for a hearing during which both sides could present evidence establishing the lowest appropriate amount of additur. The trial court could then compare the amounts awarded in other similar personal injury cases and adjust the additur if necessary. I would retain jurisdiction.