ELSER v AUTO-OWNERS INSURANCE COMPANY

Docket No. 231610. Submitted September 4, 2002, at Detroit. Decided September 17, 2002, at 9:00 A.M. Leave to appeal sought.

David Elser brought an action in the Oakland Circuit Court against Auto-Owners Insurance Company, seeking first-party no-fault benefits for medical expenses incurred as a result of injuries sustained in an automobile accident. Judgment was entered on a jury verdict that awarded approximately one-third of the expenses claimed by the plaintiff. Claims submitted by the plaintiff to the defendant for medical expenses incurred after the verdict were paid by the defendant at one-third of the claimed amounts. The plaintiff brought another action against the defendant in the same court, seeking full payment of the claims. The defendant filed a motion in limine, asking to be allowed to tell the jury about the prior action and that its payment of one-third of the claimed amounts is based on and is consistent with the prior jury's verdict. The court granted the motion and informed the parties that it would instruct the jury that the defendant is only obligated to pay one-third of the amounts claimed. The defendant moved for summary disposition, arguing that because it had already paid one-third of the amounts claimed, there were no factual issues to be decided by the jury. The court, Kathleen MacDonald, J., granted the motion. The plaintiff appealed, and the defendant cross appealed.

The Court of Appeals *held*:

The trial court erred in finding that the plaintiff's claims are barred by res judicata. The fact that the jury in the previous trial awarded one-third of the amount sought by the plaintiff has no effect on the plaintiff's claim for medical expenses incurred after the verdict. The jury may have properly and appropriately considered that the claimed medical expenses were unreasonable or unnecessary. Such a finding cannot be applied to medical expenses claimed after the verdict. The issue of future medical expenses was not litigated and decided in the previous lawsuit.

Reversed and remanded.

*John H. Bredell* for the plaintiff.

*Anselmi & Mierzejewski, P.C.* (by *Joseph S. Mierzejewski*), for the defendant.

Before: FITZGERALD, P.J., and BANDSTRA and GAGE, JJ.

PER CURIAM. Plaintiff appeals as of right the order dismissing with prejudice plaintiff's claims against defendant in this no-fault automobile insurance case. We reverse and remand.

Plaintiff sustained a closed-head injury in an automobile accident in October 1988. Since that accident plaintiff has required medical care, rehabilitation, and constant daily medication. Plaintiff sought no-fault medical expense benefits from defendant pursuant to MCL 500.3107. When defendant refused to cover all plaintiff's medical expenses, plaintiff sued defendant in 1994, seeking reimbursement for approximately $300,000 in medical expenses incurred by plaintiff as a result of his injuries. Following a trial held before Oakland Circuit Judge Robert Anderson, on February 9, 1996, a jury awarded plaintiff $105,000 for the medical expenses.

Since the February 9, 1996, jury verdict defendant has reimbursed plaintiff for one-third of all medical expenses plaintiff submitted to defendant. Defendant determined that this was a proper rate of compensation because the jury in the previous trial awarded plaintiff only one-third of the expenses he sought from defendant. Plaintiff sued defendant to recover the total amount of medical expenses he incurred following the February 1996 verdict. Defendant moved for summary disposition, arguing that plaintiff's present lawsuit was barred by res judicata. Defendant argued that because plaintiff had not shown a substantial change in his condition or circumstances he

could not relitigate the issues of the reasonableness and necessity of his medical expenses. Judge Colleen O'Brien rejected defendant's arguments following a hearing on March 24, 1999. The trial court found that the jury in the previous trial awarded a lump-sum amount regarding the expenses incurred up to the date of trial rather than a monthly amount of reasonable expenses for plaintiff. The trial court noted that the jury made no findings regarding the amount of future medical expenses that could be incurred by plaintiff. The trial court found that the jury's finding regarding plaintiff's past medical bills was not binding with regard to his future bills. The court concluded that plaintiff was entitled to another trial regarding the current unpaid medical expenses submitted to defendant. The trial court entered its order denying defendant's motion for summary disposition on April 8, 1999.[1]

Defendant thereafter filed a motion in limine, asking to be allowed to explain to the jury that the case had been tried once before and that the jury compromised the amount of plaintiff's damages and to explain that, on the basis of the prior jury verdict, it was paying one-third of plaintiff's allowable expenses. Judge Gene Schnelz granted the motion, ruling that he was going to instruct the jury that a jury in a prior case determined that "there was causation and that, because of the causation factor, that the amount should be split one-third/two-thirds."

On October 31, 2000, the parties appeared before Wayne Circuit Judge Kathleen MacDonald, acting as an Oakland County settlement judge. At the settle-

---

[1] This Court denied defendant's application for an interlocutory appeal.

ment conference, defendant moved for summary disposition, asserting that (1) because it was already paying one-third of plaintiff's allowable expenses, and (2) because Judge Schnelz ruled that he would instruct the jury to reduce its verdict by two-thirds, there was no issue of fact to be determined by a jury. Judge MacDonald agreed and dismissed plaintiff's case with prejudice.

On appeal, plaintiff argues that the trial court erred in finding that plaintiff's claims are barred by res judicata. We agree. The fact that the jury in the previous trial awarded plaintiff $105,000 out of the approximately $300,000 in medical expenses sought does not give rise to some sort of binding ratio under which defendant is obligated to pay only one-third of the medical expenses submitted by plaintiff. This Court rejected the identical argument asserted by defendant in *McMillan v Auto Club Ins Ass'n (On Remand)*, 199 Mich App 173, 174-175; 502 NW2d 48 (1993):

> The Supreme Court has ordered that we consider ACIA's arguments concerning the effect that the award by the jury in the first-party action of only twenty percent of the claimed benefits has upon ACIA's ongoing liability for future first-party no-fault benefits. We consider that it has no effect. The jury may have properly and appropriately considered that the costs incurred were unreasonable or unnecessary. Such a finding cannot be applied to future benefits.

Thus, the fact that the first lawsuit awarded plaintiff only one-third of the claimed benefits has no effect on plaintiff's claims for future benefits.[2]

---

[2] On remand, no mention is to be made of the 1996 trial and verdict.

On cross-appeal, defendant argues that plaintiff could have litigated the issue of future medical expenses and could have requested a specific damage apportionment between medical providers in the prior trial and, therefore, res judicata bars plaintiff's claims for additional medical expenses incurred as a result of the injuries suffered in 1988. We disagree.

In *Manley v DAIIE*, 425 Mich 140, 158-159; 388 NW2d 216 (1986), nine-year-old John Manley was injured in an automobile accident and suffered severe head injuries. As a result of his injuries, John was confined to a wheelchair and required total care. The trial court entered a declaratory judgment on a special verdict requiring the insurer, DAIIE, to pay John's parents $30 a day for room and board and $128 a day for unskilled "sitter or nurse's aide" "as long as John Manley is cared for at the home of his parents" "or until further order of this Court."[3] *Id.* at 147. On appeal, the Supreme Court rejected DAIIE's argument that the trial judge erred in entering a declaratory judgment establishing amounts payable in the future before the expense was actually incurred. In rejecting the argument, the Court concluded that, "[t]he tendency of this contention is that DAIIE may relitigate factual and legal issues that have already been decided when the Manleys seek payment for expenses incurred after the date of the trial. That is neither a workable nor a sound rule of law." *Id.* at 157. The Court concluded, however, that

[e]ither the Manleys or DAIIE are entitled to a redetermination from time to time of the amounts properly allowable

---

[3] We refer only to that part of the trial court's order that is pertinent to the issues raised on appeal.

> for nurse's aides or for room and board, including the services of the Manleys. If DAIIE contends that John has sufficiently recovered so that nurse's aides are not required or that a fewer number of hours of such assistance is required or that the cost set forth in the bills rendered is unreasonable, it may apply to the circuit court for a further determination of the necessity and reasonableness of the charges. However, absent some evidence that there has been a substantial change in the facts and circumstances, the trial court would be acting within its discretion in refusing to set the matter down for a further evidentiary hearing. [*Id.* at 158-159.]

In the present case, the February 1996 verdict covered only expenses incurred up until the date of trial, and did not contain any declaration or determination regarding future expenses. There is no indication in the record that either party sought a declaratory judgment regarding future expenses. Because the issue of future expenses was not litigated and decided in the prior lawsuit, we reject defendant's argument that res judicata bars plaintiff's claims for additional expenses incurred after the February 1996 verdict.[4]

Reversed and remanded. Jurisdiction is not retained.

---

[4] Defendant contends that plaintiff's recovery for future expenses is limited by the award by the jury in the first lawsuit of only one-third of the claimed benefits. However, we have already concluded that the jury's finding in the first action cannot be applied to future benefits.