# STATE OF MICHIGAN

# COURT OF APPEALS

GARDEN CITY REHAB, LLC,

        Plaintiff-Appellee,

UNPUBLISHED
June 18, 2015

v

No. 320543
Oakland Circuit Court
2013-009858-AV

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

Before: METER, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Defendant appeals by leave granted a circuit court order affirming a district court's decision to deny defendant's motion for partial summary disposition in this action to recover no-fault personal injury protection (PIP) benefits. We reverse and remand for entry of judgment in favor of defendant with regard to plaintiff's services provided to Ali Elchami.

Plaintiff filed this action in district court against defendant, the no-fault insurer for Ali Elchami, to recover no-fault PIP benefits for physical therapy services provided to Ali Elchami from February 24, 2012, to April 5, 2012, which were allegedly necessitated by injuries that Elchami received in an automobile accident in 2009. Elchami had previously filed a lawsuit against defendant in the Wayne Circuit Court to recover first-party PIP benefits. Following a bench trial, the court in that case found that Elchami had recovered from his injuries and was not entitled to benefits after October 2010. Relying on that decision, defendant filed a motion in the district court for partial summary disposition under MCR 2.116(C)(7), arguing that collateral estoppel or res judicata precluded plaintiff's claim with regard to services provided to Elchami in 2012.[1] The district court denied defendant's motion. Defendant appealed that decision to the circuit court, which affirmed the district court's decision. This Court granted defendant's application for leave to appeal.

---

[1] Plaintiff also sought benefits against defendant for services provided to another individual. Therefore, defendant's motion sought only partial summary disposition.

-1-

We review de novo a trial court's summary disposition decision. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). Defendant moved for summary disposition under MCR 2.116(C)(7), which permits summary disposition if an action is barred due to the disposition of the claim before commencement of the action, including where collateral estoppel or res judicata bars the claim. See *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 246; 590 NW2d 586 (1998).

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. [*Dextrom v Wexford Co*, 287 Mich App 406; 789 NW2d 211 (2010) (citation omitted).]

Plaintiff is seeking to recover no-fault benefits for services it provided to Elchami from February 2012 to April 2012. Defendant, as Elchami's no-fault insurer, is liable for "all reasonable charges incurred for reasonably necessary products, services and accommodations for" Elchami's care, recovery, and rehabilitation arising from the 2009 automobile accident. MCL 500.3107(1)(a). Because plaintiff was seeking to recover for the services as a no-fault benefit, it had the burden of proving that each expense was (1) a reasonable charge, (2) reasonably necessary, and (3) incurred. *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 49-50; 457 NW2d 637 (1990).

Defendant first argues that the lower courts erred in ruling that collateral estoppel did not apply to bar plaintiff's claim. We agree. Collateral estoppel precludes relitigation of an issue in a subsequent, different case between the same parties or their privies if the prior action resulted in a valid final judgment and the issue was actually and necessarily determined in the prior matter. *Ditmore v Michalik*, 244 Mich App 569, 577; 625 NW2d 462 (2001); *Horn v Dep't of Corrections*, 216 Mich App 58, 62; 548 NW2d 660 (1996). Collateral estoppel requires that "(1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel." *Estes v Titus*, 481 Mich 573, 585; 751 NW2d 493 (2008). However, mutuality of estoppel is not required where the doctrine is used defensively. *Monat v State Farm Ins Co*, 469 Mich 679, 691-692; 677 NW2d 843 (2004).

The ultimate issue in the second case must be the same as that in the first proceeding. *City of Detroit v Qualls*, 434 Mich 340, 357; 454 NW2d 374 (1990). As explained in *Bd of Co Rd Comm'rs for the Co of Eaton v Schultz*, 205 Mich App 371, 376-377; 521 NW2d 847 (1994):

> The issues must be identical, and not merely similar, and the ultimate issues must have been both actually and necessarily litigated. To be necessarily determined in the first action, the issue must have been essential to the resulting judgment; a finding upon which the judgment did not depend cannot support collateral estoppel. [Citations omitted.]

Collateral estoppel will only apply if the basis of "the prior judgment can be clearly, definitely, and unequivocally ascertained." *Ditmore*, 244 Mich App at 578.

In order to prevail, plaintiff was required to prove that the physical therapy services it provided to Elchami in 2012 were reasonably necessary for plaintiff's care, recovery, and rehabilitation from the injuries he received in the 2009 automobile accident. In the Wayne County case, the court found, on October 18, 2012, that Elchami's condition had improved to the point that further medical services were no longer reasonably necessary after October 2010. The court's judgment expressly states "that all benefits claimed by [Elchami] after October 5, 2010 are not reasonable, necessary, or related to the subject motor vehicle accident." In its ruling from the bench, the court noted that doctors had concluded that "plaintiff had reached his maximum recovery from this accident and . . . there was nothing to support, medically to support the complaints that were being offered by the plaintiff." Plaintiff filed this action to recover for physical therapy services that it provided to Elchami in 2012, well after October 2010. Thus, the Wayne County court decided an issue that was necessary to plaintiff's recovery of no-fault benefits in this case, namely, whether the physical therapy services Elchami received in 2012 were reasonably necessary because of the 2009 accident.

The lower courts also erred in ruling that plaintiff was not in privity with Elchami for purposes of applying collateral estoppel. In *Phinisee v Rogers*, 229 Mich App 547, 553-554; 582 NW2d 852 (1998), this Court observed:

> In *Sloan v Madison Heights*, 425 Mich 288, 295-296; 389 NW2d 418 (1986), our Supreme Court defined "privity" as follows: "In its broadest sense, privity has been defined as 'mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right.'" (Citation omitted). Black's Law Dictionary (6th ed), p 1199, defines privity as
>
>> mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right. . . . [It] signifies that [the] relationship between two or more persons is such that a judgment involving one of them may justly be conclusive upon [the] other, although [the] other was not a party to [sic] lawsuit.
>
> "Privity between a party and a non-party requires both a 'substantial identity of interests' and a 'working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.'" *SOV* [*v Colorado*, 914 P2d 355, 360 (Colo, 1996)], quoting *Public Service Co v Osmose Wood Preserving, Inc*, 813 P2d 785, 787 (Colo App, 1991).

Here, plaintiff and Elchami shared a substantial identity of interest because plaintiff's entitlement to recover benefits from defendant was directly dependent upon a showing that the services to Elchami qualified as a no-fault benefit in that they were reasonably necessary because of Elchami's injuries in the 2009 accident. Moreover, because Elchami was liable to plaintiff for the services performed, and because Elchami's Wayne County action also included a request for

declaratory relief with respect to other benefits, they had a functional relationship for purposes of finding that Elchami was essentially acting in plaintiff's interests in the Wayne County case. Because a necessary issue in plaintiff's case was previously litigated and actually decided in the Wayne County case, and because plaintiff and Elchami shared a substantial identity of interests and a functional relationship, the lower courts erred in ruling that collateral estoppel did not apply to preclude plaintiff's claim.

We also agree that plaintiff's action was barred by res judicata. In *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999), the Michigan Supreme Court explained:

> Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. *Eaton Co Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994). A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Id*. at 375-376.
>
> Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *Gose v Monroe Auto Equipment Co*, 409 Mich 147, 160-163; 294 NW2d 165 (1980); *Sprague v Buhagiar*, 213 Mich App 310, 313; 539 NW2d 587 (1995).

One of the purposes of res judicata is to prevent repetitive litigation. *Bergeron v Busch*, 228 Mich App 618, 621; 579 NW2d 124 (1998). If, with due diligence, the plaintiff should have brought the claim in the previous case, then res judicata will apply. *Estes*, 481 Mich at 585.

If the same facts or evidence apply in both cases, the two actions are the same for purposes of res judicata. *Dep't of Transp v North Central Co-op, LLC*, 277 Mich App 633, 645; 750 NW2d 234 (2008), overruled on other grounds in *Dep't of Transp v Initial Transp, Inc*, 481 Mich 862 (2008); *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 11; 672 NW2d 351 (2003).

This case is factually similar to *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39; 795 NW2d 229 (2010). In that case, the injured insured, Eric Afful, filed an action after his insurer refused to pay benefits because the insurer believed that the claims for attendant-care services were fraudulent. *Id*. at 40. A jury found that the claims were fraudulent and returned a verdict in favor of the insurer. *Id*. After TBCI provided Afful with services for injuries due to the same automobile accident, the insurer again refused to pay and TBCI filed suit. *Id*. at 41. The trial court granted summary disposition to the insurer because the same core issue was involved in both cases, i.e., whether there was coverage for Afful's injuries. *Id*. at 41-42. Because TBCI was standing in Afful's shoes for purposes of entitlement to no-fault benefits, TBCI was found by this Court to be in privity with Afful. *Id*. at 44. Because TBCI was attempting to relitigate the issue of coverage under the policy, this Court held that res judicata applied to bar TBCI's claim. *Id*.

Based on this Court's analysis in *TBCI*, plaintiff's claim for benefits was resolved in the prior Wayne County case because, as previously indicated, plaintiff's claim is dependent upon a showing that Elchami continued to require medical treatment reasonably related to the 2009 accident after October 2010, and the trial court expressly decided that issue against Elchami in the Wayne County case. Because plaintiff provided Elchami with services before the Wayne County trial started, plaintiff's claims could have been added to that action, and unlike in *Elser v Auto-Owners Ins Co*, 253 Mich App 64, 69; 654 NW2d 99 (2002), there was a specific finding that spoke to the lack future damages.

Furthermore, based on *TBCI*, plaintiff was in privity with Elchami because plaintiff was required to "stand in his shoes" in order to recover no-fault benefits from defendant. Once again, Elchami and plaintiff were seeking the same thing: no-fault benefits to cover medical services necessitated by Elchami's accident. Elchami properly represented the same underlying interests in the Wayne County case such that he was in privity with plaintiff.

Accordingly, the lower courts erred in ruling that res judicata did not apply to bar plaintiff's present action with regard to its claim for the services provided to Elchami.[2]

Reversed and remanded for entry of an order of partial summary disposition in favor of defendant with regard to plaintiff's claim for services provided to Ali Elchami. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder

---

[2] We note that a case emphasized at oral arguments, *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389; ___ NW2d ___ (2014), has no bearing on our decision today because that case did not deal with res judicata or collateral estoppel but rather the standing of an insurer to sue for benefits; such standing is not at issue here.