FANSLER v RICHARDSON
MERCER v RICHARDSON

Docket Nos. 250757, 250758, 250789, 250790. Submitted December 7,
2004, at Grand Rapids. Decided February 24, 2005. Approved for
publication April 28, 2005, at 9:15 a.m.

Andrew Fansler, as personal representative of the estate of Cheryl
Ann Fansler, deceased, and the personal representatives of the
estates of three other decedents brought an action in the Hillsdale
Circuit Court against William Richardson and Independence Pro-
fessional Fireworks, Inc. (IPF). The action arose out of an explo-
sion at an IPF plant that killed five individuals. IPF filed a notice
of nonparty fault under MCR 2.112(K), which included allegations
that Mike Gibler and Thermogas Company, Inc., were at fault for
the deaths. Fansler amended the complaint to add several parties
as defendants, including Gibler and Thermogas. Kelly Mercer, as
personal representative of the estate of Joyce Ann Carter, the fifth
decedent, then brought a separate action against the same defen-
dants. The court, Michael R. Smith, J., consolidated the actions.
Gibler and Thermogas were subsequently granted summary dis-
position, in part on the basis of spoliation of evidence. Gibler and
Thermogas then moved to tax costs under MCR 2.625 against IPF.
The court denied the motion for costs, determining that Gibler and
Thermogas could not be prevailing parties under MCR 2.625.
Gibler and Thermogas appealed, and their appeals were consoli-
dated.

The Court of Appeals *held*:

Gibler and Thermogas were not prevailing parties entitled to
costs against their codefendant IPF under MCR 2.625. To be
considered a prevailing party, the party's position must be im-
proved by the litigation as against an opposing party, and not in
relation to a coplaintiff or a codefendant. Gibler and Thermogas
were not parties in interest for the purpose of recovery against
codefendant IPF. They were parties in interest and improved their
positions against the plaintiffs when they obtained a dismissal in
their favor, but had no vested right of action or right of recovery
against IPF because, as codefendants, they held no adverse posi-
tion in relation to IPF on which to prevail. It was within the

plaintiffs' discretion to name Gibler and Thermogas as defendants, and Gibler's and Thermogas's costs were incurred because of their defense of the plaintiffs' claims against them, not because of IPF's notice of nonparty fault.

Affirmed.

COSTS — PREVAILING PARTY — CODEFENDANTS.

For a party to be considered a prevailing party for purposes of taxing costs, the party's position must be improved by the litigation as against an opposing party, and not in relation to a coplaintiff or a codefendant; a defendant who is dismissed from an action is not entitled to tax costs against a codefendant who filed a notice of nonparty fault naming the defendant because the defendant held no adverse position in relation to the codefendant on which to prevail (MCR 2.625).

*James, Dark & Brill* (by *John C. Fish*) for Mike Gibler.

*Welper & Macdonald, P.C.* (by *F. Eugene Welper, Jr.,* and *John M. Macdonald*), and *The Johnson Law Group L.L.C.* (by *Tristan L. Duncan*) for Thermogas Company, Inc.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by *Joseph J. Wright*), for Independence Professional Fireworks, Inc.

Before: HOEKSTRA, P.J., and GRIFFIN and BORRELLO, JJ.

PER CURIAM. Defendant Mike Gibler, doing business as MG & Company (Gibler), and defendant Thermogas Company, Inc. (Thermogas), appeal as of right the trial court order denying their request for costs pursuant to MCR 2.625 against codefendant Independence Professional Fireworks, Inc. (IPF). We affirm.

These consolidated actions arose following an explosion at the IPF plant that killed five employees (plaintiffs' decedents). The personal representatives of the

estates of four decedents filed a complaint against IPF, but did not name Gibler or Thermogas as defendants. However, IPF filed a notice of nonparty fault under MCR 2.112(K), alleging that Gibler and Thermogas were at fault in causing the deaths of plaintiffs' decedents because they negligently installed, serviced, or maintained a water heater that was thought to be the initiating cause of the explosion. Thereafter, those plaintiffs filed an amended complaint adding Gibler and Thermogas as defendants. The personal representative of the estate of the remaining decedent filed a separate complaint against the same defendants, and the actions were consolidated.

After being named as defendants in plaintiffs' wrongful death actions, Gibler and Thermogas moved for summary disposition, and the trial court granted the motion, in part because there had been a "spoliation of evidence" because IPF apparently lost the water heater at issue and could not locate it.[1] At the hearing on Thermogas's motion concerning the spoliation of evidence, the court acknowledged that, because none of the experts could examine the water heater, any expert testimony regarding causation would be mere speculation and conjecture that did not meet the standards for expert testimony under MRE 702.

After the trial court granted their motion for summary disposition, Gibler and Thermogas moved to tax costs against codefendant IPF. Thermogas argued that, pursuant to MCR 2.625(A) and (F), IPF should pay its costs because IPF brought Thermogas into plaintiffs' suit by filing the notice of nonparty fault. Gibler argued

---

[1] In response to Gibler and Thermogas's motion for summary disposition, plaintiffs filed a conditional concurrence. Plaintiffs agreed that summary disposition was appropriate given the missing water heater, as long as IPF would not be permitted to refer to the "water heater defendants" at trial.

that he and his company were entitled to costs because he was a "prevailing party" against IPF under MCR 2.625.

In response, IPF argued that neither Gibler nor Thermogas was entitled to costs because, under MCR 2.625, neither was a "prevailing party in an action" against IPF because the notice of nonparty fault did not create a cause of action between IPF and Thermogas or Gibler. The trial court, in its opinion and order denying Gibler and Thermogas's motion for costs, held that Gibler and Thermogas could not be prevailing parties entitled to costs under MCR 2.625 because neither had any vested right of action or right of recovery against IPF.

On appeal, Gibler and Thermogas argue that, under MCR 2.625, they are entitled to costs from codefendant IPF regardless of whether a cause of action existed between them and IPF. We disagree.

This Court reviews a trial court's ruling on a motion for costs under MCR 2.625 for an abuse of discretion. *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 518; 556 NW2d 528 (1996), aff'd 458 Mich 582 (1998). The determination whether a party is a "prevailing party" for the purpose of awarding costs under MCR 2.625 is a question of law, which this Court reviews de novo. *Id.* at 521.

The relevant provisions of MCR 2.625 state:

(A) Right to Costs.

(1) *In General.* Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action.

\* \* \*

(B) Rules for Determining Prevailing Party.

\* \* \*

(2) *Actions With Several Issues or Counts.* In an action involving several issues or counts that state different causes of action or different defenses, the party prevailing on each issue or count may be allowed costs for that issue or count. If there is a single cause of action alleged, the party who prevails on the entire record is deemed the prevailing party.

(3) *Actions With Several Defendants.* If there are several defendants in one action, and judgment for or dismissal of one or more of them is entered, those defendants are deemed prevailing parties, even though the plaintiff ultimately prevails over the remaining defendants.

MCL 600.2421b(3)(a) defines a "prevailing party" as follows:

In an action involving several remedies, or issues or counts which state different causes of actions or defenses, the party prevailing as to each remedy, issue, or count.

Gibler and Thermogas argue that because they prevailed on the "issue" of causation regarding their liability for a defective water heater, each was a "prevailing party in an action" involving other defendants. Specifically, Gibler and Thermogas contend that they prevailed against codefendant IPF because IPF was the party who filed the notice of nonparty fault against them, which required them to incur costs in their defense. The issue in this case is therefore whether a defendant is entitled to recover costs from a codefendant who filed a notice of nonparty fault under MCR 2.112(K) naming the defendant when summary disposition is granted in the defendant's favor. We conclude that, in such a case, the defendant is not entitled to costs from the codefendant under MCR 2.625.

Gibler and Thermogas were not prevailing parties against codefendant IPF under MCR 2.625. "[I]n order to be considered a prevailing party, that party must show, at the very least, that its position was improved by the litigation." *Forest City Enterprises, Inc v Leemon Oil Co*, 228 Mich App 57, 81; 577 NW2d 150 (1998). Gibler and Thermogas have cited no authority, and we are aware of none, supporting the awarding of costs to a defendant from a codefendant who files a notice of nonparty fault under MCR 2.112(K). Existing Michigan case law suggests that for a party to be considered a prevailing party, the party's position must be improved as against an opposing party, and not in relation to a coplaintiff or a codefendant. For example, in *Citizens Ins Co of America v Juno Lighting, Inc*, 247 Mich App 236, 242, 245-246; 635 NW2d 379 (2001), we upheld the award of costs to the defendant where the trial court dismissed the plaintiff's claim against the defendant after it found that there was a spoliation of evidence. We reasoned that the defendant was entitled to costs because it had clearly improved its position against the plaintiff when the lawsuit was dismissed against the defendants. *Id.* at 246. Similarly, in *Klinke, supra* at 521, we ruled that the defendants were prevailing parties under MCR 2.625(B)(3) against the plaintiff because a judgment of no cause of action was entered against the plaintiff in the defendants' favor.

Our opinion in *Blue Cross & Blue Shield of Michigan v Eaton Rapids Community Hosp*, 221 Mich App 301; 561 NW2d 488 (1997), is also instructive in resolving the issue in this case. In that case, Blue Cross & Blue Shield of Michigan (BCBSM) intervened as a plaintiff against the defendant hospital, and the trial court entered a judgment of no cause of action against BCBSM and two other plaintiffs. *Id.* at 304-306. The trial court also granted the defendant's motion for costs

against BCBSM and the two other plaintiffs. *Id.* at 306. On appeal, BCBSM argued that the defendant was not entitled to costs because it was not a prevailing party under MCR 2.625. *Blue Cross, supra* at 308. This Court disagreed and held that "defendant was the prevailing party." *Id.* at 310. In so holding, this Court relied on its holding in *Kim v Ford Motor Co,* 170 Mich App 544, 548; 429 NW2d 203 (1988), and stated:

> [W]e conclude that this Court's essential reasoning in *Kim* was simply that the intervening plaintiff remained a party in interest for the purpose of taxation of costs because it was a party in interest for the purpose of recovery, it could have participated in the proceedings, and would have participated in any recovery.
>
> A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another. [*Blue Cross, supra* at 311 (citations omitted).]

In this case, we hold that Gibler and Thermogas were not "parties in interest" for the purpose of recovery against codefendant IPF. Like the defendants in *Juno, Klinke,* and *Blue Cross,* Gibler and Thermogas were parties in interest and improved their positions against *plaintiffs* when they obtained a dismissal in their favor. However, the argument that Gibler and Thermogas had any type of vested right of action or right of recovery against codefendant IPF is contrary to the case law defining a "prevailing party" because, as codefendants, they held no adverse position in relation to IPF on which to prevail. The ultimate issue of fault stemming from the resolution of the water heater causation theory would have benefited Gibler's and Thermogas's positions against *plaintiffs,* but not against codefendant IPF. Therefore, because Gibler and Thermogas had no vested right to recover from codefendant IPF, they could not be considered prevailing parties under MCR 2.625

against IPF, and they had no right to tax costs against IPF. See *Blue Cross, supra* at 311.

Finally, we reject Gibler and Thermogas's contention that codefendant IPF is ultimately responsible for costs in this case because IPF forced plaintiffs to name Gibler and Thermogas as party defendants by filing the notice of nonparty fault. Gibler and Thermogas argue that plaintiffs had no choice but to name them in the action because, without doing so, IPF would have had a persuasive "empty chair" defense. Gibler and Thermogas also argue that the Legislature never intended for a post-tort reform defendant, such as IPF, to be able to file a notice of nonparty fault, effectively compelling plaintiffs to name Gibler and Thermogas as defendants, and then be insulated from the responsibility of being subject to taxation of costs incurred by Gibler and Thermogas, particularly when IPF was responsible for spoliation of the evidence.

The problem we observe with this argument is that whether a nonparty is named as a party defendant is purely within a plaintiff's discretion. MCR 2.112(K)(4); *Rinke v Potrzebowski*, 254 Mich App 411, 416; 657 NW2d 169 (2002). The expert witness fees incurred by Gibler and Thermogas were not the result of the notice of nonparty fault, but of the defense of *plaintiffs'* claims against them in the amended complaints. Also, Gibler and Thermogas were not without a source for recovering their costs. According to *Klinke,* because Gibler and Thermogas obtained a dismissal against plaintiffs, they were arguably prevailing parties entitled to costs from the party they prevailed against: plaintiffs. *Klinke, supra* at 521. We note that Gibler and Thermogas could have sought to recover costs against plaintiffs only to illustrate that Gibler and Thermogas had some recourse to recover their costs. However, we do not decide

today that Gibler and Thermogas are entitled to costs from plaintiffs because such a matter is within the discretion of the trial court, *id.* at 518, and because that issue is not before this Court.

Affirmed.