# STATE OF MICHIGAN

# COURT OF APPEALS

ADIA BLACKSHER,

        Plaintiff-Appellee,

and

SANDEEAH BLACKSHER,

        Appellee,

and

MCLAREN MEDICAL CENTER,

        Intervening Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
July 21, 2016

No. 324670
Genesee Circuit Court
LC No. 08-089055-NF

Before: SAWYER, P.J., and HOEKSTRA and GLEICHER, JJ.

PER CURIAM.

        Defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals as of right an order awarding no-fault attorney fees and costs to plaintiff Adia Blacksher[1] and intervening plaintiff, McLaren Medical Center (McLaren). We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

        State Farm first argues that the law of the case doctrine applies to bar the award of attorney fees to Blacksher and McLaren. We disagree. "Generally, an issue is not properly

---

[1] Plaintiff Sandeeah Blacksher is not involved in this appeal; we will therefore refer to Adia as "Blacksher."

-1-

preserved if it is not raised before, addressed, or decided by the circuit court or administrative tribunal." *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). The issue whether this Court's prior opinion in this case constituted the law of the case was not raised, addressed, or decided in the trial court, but that is because this Court's prior opinion was issued *after* the entry of the order now being appealed and *after* the filing of the present appeal. "Although this Court need not review issues raised for the first time on appeal, this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). The applicability of the law of the case doctrine presents a question of law, *Duncan v Michigan*, 300 Mich App 176, 188; 832 NW2d 761 (2013), and the necessary facts to resolve the issue are in the record. Accordingly, we will review the issue. "Whether the law of the case doctrine applies is a question of law that we review de novo." *Id*.

"Generally, the law of the case doctrine provides that an appellate court's decision will bind a trial court on remand and the appellate court in subsequent appeals." *Duncan*, 300 Mich App at 188-189 (quotation marks omitted). "Under the law of the case doctrine, if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000) (quotation marks omitted). A lower court is likewise bound and "may not take action on remand that is inconsistent with the judgment of the appellate court. Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Id*. at 260.

> It is the duty of the lower court, on remand, to comply strictly with the mandate of the appellate court. However, the law of the case doctrine applies only to issues implicitly or explicitly decided in the previous appeal. The law of the case doctrine's rationale is to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit; the doctrine does not limit an appellate court's power but, rather, is a discretionary rule of practice. A trial court fails to follow the law of the case when it revisits a matter on which this Court has already ruled. [*Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 128; 737 NW2d 782 (2007) (quotation marks, ellipsis, and citations omitted).]

"Thus, a question of law decided by an appellate court will not be decided differently on remand or in a subsequent appeal in the same case. This rule applies without regard to the correctness of the prior determination." *Driver v Hanley*, 226 Mich App 558, 565; 575 NW2d 31 (1997) (citation omitted).

This Court's prior opinion in this case, *Blacksher v State Farm Mut Auto Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued December 4, 2014 (Docket Nos. 312107, 315678), did not decide a legal question that is at issue in the present appeal. In the prior appeal, this Court held that the trial court did not err in denying State Farm's motion for

attorney fees under MCL 500.3148(2), which provides: "An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation." In the present appeal, State Farm challenges the award of attorney fees to Blacksher and McLaren under an attorney fee provision different from the provision at issue in the prior appeal. In particular, the trial court awarded attorney fees to Blacksher and McLaren under MCL 500.3148(1), which states:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

Therefore, whereas the attorney fee issue in the prior appeal was whether, under MCL 500.3148(2), the no-fault claim was so excessive as to lack a reasonable foundation, the attorney fee issue in the present appeal is whether, under MCL 500.3148(1), State Farm unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

State Farm suggests that the discussion in this Court's prior opinion of the conflicting medical evidence establishes that a bona fide question of factual uncertainty existed, such that State Farm did not unreasonably refuse to pay the claim or unreasonably delay in making proper payment. It is true that "[a] delay in making payments is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Ivezaj v Auto Club Ins Ass'n*, 275 Mich App 349, 353; 737 NW2d 807 (2007) (quotation marks omitted). But the inquiry required by MCL 500.3148(1) is whether the insurer's *initial* refusal to pay the expense was unreasonable. *Id*. at 353-355. This Court's prior opinion did not decide whether State Farm's initial refusal to pay the claimed expenses was unreasonable. That is, this Court did not address whether State Farm had a reasonable basis for its refusal to pay the claim *at the time the claim was first submitted*. See *id*. at 355. Instead, this Court's prior opinion noted the conflicting medical evidence *at trial* and concluded that the claim was not so excessive as to lack a reasonable foundation and that the verdict was not inconsistent or against the great weight of the evidence. This Court did not discuss which, if any, of the evidence supporting State Farm's position at trial was available to State Farm when it initially refused to pay or delayed making proper payment. Because this Court's prior opinion did not decide the question under MCL 500.3148(1) that is presented in this appeal, the law of the case doctrine is inapplicable.

State Farm next challenges the award of no-fault attorney fees to Blacksher and McLaren on the ground that the trial court clearly erred in failing to focus on the facts surrounding the disputed expenses and instead relying on the jury verdict awarding no-fault expenses. We disagree.

In *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008), our Supreme Court set forth the standard for reviewing a trial court's decision whether to award attorney fees pursuant to MCL 500.3148(1):

The trial court's decision about whether the insurer acted reasonably involves a mixed question of law and fact. What constitutes reasonableness is a question of law, but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact. This Court reviews de novo questions of law, but we review findings of fact for clear error. A decision is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. Moreover, we review a trial court's award of attorney fees and costs for an abuse of discretion. An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. [Quotation marks and citations omitted.]

As discussed, MCL 500.3148(1), the no-fault attorney fee provision at issue, states:

An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

As our Supreme Court explained in *Moore*, 482 Mich at 517:

MCL 500.3148(1) establishes two prerequisites for the award of attorney fees. First, the benefits must be overdue, meaning "not paid within 30 days after [the] insurer receives reasonable proof of the fact and of the amount of loss sustained." MCL 500.3142(2). Second, in postjudgment proceedings, the trial court must find that the insurer "unreasonably refused to pay the claim or unreasonably delayed in making proper payment." MCL 500.3148(1). Therefore, assigning the words in MCL 500.3142 and MCL 500.3148 their common and ordinary meaning, "attorney fees are payable only on overdue benefits for which the insurer has unreasonably refused to pay or unreasonably delayed in paying." *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 485; 673 NW2d 739 (2003) (emphasis omitted).

"When an insurer refuses to make or delays in making payment, a rebuttable presumption arises that places the burden on the insurer to justify the refusal or delay." *Attard v Citizens Ins Co of America*, 237 Mich App 311, 317; 602 NW2d 633 (1999). An insurer's refusal to pay or delay in paying no-fault benefits is reasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty. *Moore*, 482 Mich at 520; *Attard*, 237 Mich App at 317. An insurer is not required to reconcile conflicting medical opinions or to "go beyond" the medical opinions of the defense medical experts. *Moore*, 482 Mich at 521-522. "The determinative factor in our inquiry is not whether the insurer ultimately is held responsible for benefits, but whether its initial refusal to pay was unreasonable." *Ross v Auto Club Group*, 481 Mich 1, 11; 748 NW2d 552 (2008). "Otherwise stated, an insurer's initial refusal to pay benefits under Michigan's no-fault insurance statutes can be deemed reasonable even though it is later determined that the insurer was required to pay those benefits." *Moore*, 482 Mich at 525.

-4-

In making the reasonableness determination, a trial court clearly errs if it fails to focus on the facts surrounding the disputed expenses and instead concludes that the refusal to pay was unreasonable because the jury awarded the disputed expenses. *Bonkowski v Allstate Ins Co*, 281 Mich App 154, 171; 761 NW2d 784 (2008). In *Bonkowski*, 281 Mich App at 172, the trial court stated in its written judgment that it had found that the insurer unreasonably refused to make proper payment of no-fault benefits. But this Court concluded that the trial court had failed to make the requisite factual findings to support an attorney fee award:

> Notwithstanding the above-cited conclusion [that the refusal was unreasonable], our review of the record reveals no factual findings to support the conclusion reached by the trial court. It appears from the record that the trial court, when awarding attorney fees to plaintiff, only considered the jury's conclusion that [the insured] was entitled to greater compensation than that offered by defendant. Thus, we are left with a definite and firm conviction that the trial court simply based its conclusion on the jury's verdict. This was error. [*Id.*]

In this case, the trial court initially failed to make the requisite factual findings to establish that State Farm's refusal to pay no-fault expenses was unreasonable. After quoting the language of MCL 500.3148(1), the trial court stated, in relevant part:

> I think, clearly, there is evidence to show that part of the claim was not paid and that it was unreasonable – it was an unreasonable refusal to do so; that is borne out again by the verdict that McLaren has received in the amount of $8,000 or so. Uh, so based on that, I do think that the Plaintiffs have met the – the first requirement.
>
> Secondly, uh, to pay the claim or reasonably delay making proper payment; I think that, again, the jury seems to have spoken on that; and so I think, when you look at the statute, there's no question that the Plaintiffs have shown that they are entitled to attorney fees in this case.

Although the trial court vaguely referred to "evidence" in concluding that the refusal to pay part of the claim was unreasonable, the court did not focus on the facts surrounding the disputed expenses; the record was bereft of any fact-specific findings that this Court could meaningfully review. Rather than discussing any evidence concerning the claimed expenses, the trial court referred twice to the jury verdict. The trial court's failure to focus on or address any specific facts surrounding the disputed expenses while instead referencing the jury verdict amounted to clear error. *Bonkowski*, 281 Mich App at 171. See also *Moore*, 482 Mich at 522 (holding that the trial court must "engage in a fact-specific inquiry" when determining whether the refusal to pay was unreasonable).

To provide the trial court an opportunity to fully address this issue and place its findings on the record, we twice remanded the matter to the trial court to do so. After the second remand, the trial court fully stated its reasons on the record. Having reviewed the trial court's opinion, we are satisfied with its explanation. Accordingly, we affirm the trial court's grant of attorney fees.

State Farm further suggests that this Court should hold *as a matter of law* that a legitimate question of factual uncertainty existed and therefore that State Farm's refusal to pay the disputed expenses was reasonable. We disagree. As discussed, the relevant inquiry is whether the insurer's *initial* refusal to pay was unreasonable. *Ross*, 481 Mich at 11. State Farm never identifies in its appellate brief exactly *when* it initially refused to pay the expenses that the jury determined should have been paid and *what* basis State Farm had to refuse to pay the benefits *at that time*. Instead, State Farm's principal appellate brief focuses primarily on the medical evidence presented at trial that favored State Farm's position without elucidating whether that evidence was available to State Farm when it initially refused to pay the disputed expenses. State Farm did not receive the defense medical examination reports until various points in 2008, *after* the delay or refusal to pay expenses that were submitted to State Farm for services rendered in the fall of 2007. In its reply brief, State Farm discusses the emergency room and EMS records, which State Farm interprets as not indicating that a head injury occurred.[2] Therefore, the matter had to be resolved factually by the trial court based upon the information available to it. As stated above, we are satisfied that the trial court properly resolved the issue after remand.

State Farm next asserts challenges to the trial court's awards of costs to Blacksher and McLaren. "We review for an abuse of discretion the trial court's ruling on a motion to tax costs under MCR 2.625. However, whether a particular expense is taxable as a cost is a question of law. We review questions of law de novo." *Guerrero v Smith*, 280 Mich App 647, 670; 761 NW2d 723 (2008) (citation omitted). "The determination whether a party is a 'prevailing party' for the purpose of awarding costs under MCR 2.625 is a question of law, which this Court reviews de novo." *Fansler v Richardson*, 266 Mich App 123, 126; 698 NW2d 916 (2005).

MCR 2.625(A)(1) provides: "Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." "The power to tax costs is purely statutory, and the prevailing party cannot recover such expenses absent statutory authority." *Guerrero*, 280 Mich App at 670.

---

[2] State Farm's failure to address the information available to it during the specific timeframe when it initially refused to pay benefits may be attributable to the simplistic jury verdict form, which failed to identify the specific expenses that were owed; the jury indicated on the verdict form that $8,012.80 was owed for the services at McLaren but did not identify *when* those expenses were incurred, and the parties could not mathematically reconstruct how the jury reached its decision. As discussed in this Court's prior opinion, the parties stipulated to the simplistic verdict form, *Blacksher*, slip op at 8-9, and "'[a] party cannot stipulate with regard to a matter and then argue on appeal that the resulting action was erroneous.'" *Id.* at 9, quoting *Hodge v Parks*, 303 Mich App 552, 556; 844 NW2d 189 (2014). Because the case is being remanded, we leave it to the trial court on remand to determine whether and, if so, how the timeframe during which the disputed expenses were incurred can be determined in this case.

MCR 2.625(A) states the starting presumption, that in any action or proceeding, whether legal or equitable, costs shall be allowed as a matter of course to the prevailing party. This does not mean, of course, that every expense incurred by the prevailing party in connection with the proceeding may be recovered against the opposing party. The term "costs" as used in MCR 2.625(A) takes its content from the statutory provisions defining what items are taxable as costs. [*Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612, 622; 550 NW2d 580 (1996), quoting 3 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), pp 720-721 (brackets omitted).]

State Farm contests Blacksher's status as a prevailing party entitled to tax costs. MCR 2.625(B)(2) provides the following rule for determining whether a party prevailed:

In an action involving several issues or counts that state different causes of action or different defenses, the party prevailing on each issue or count may be allowed costs for that issue or count. If there is a single cause of action alleged, the party who prevails on the entire record is deemed the prevailing party.

The fact that a plaintiff recovered damages that were less than the total amount of damages sought does not preclude that plaintiff from being deemed the prevailing party under MCR 2.625(B)(2). *McMillan v Auto Club Ins Ass'n*, 195 Mich App 463, 466; 491 NW2d 593 (1992). In order to be considered a prevailing party, a party must show at a minimum that its position was improved by the litigation. *Fansler*, 266 Mich App at 128. Blacksher is a prevailing party under MCR 2.625(B)(2). The jury determined that Blacksher suffered an accidental bodily injury arising out of the ownership, operation, or use of a motor vehicle and that she incurred allowable expenses arising out of that injury. The jury awarded only $8,012.80 to McLaren as the amount of allowable expenses that State Farm had not already paid. The fact that the jury did not award the full amount of damages that Blacksher sought does not preclude designating Blacksher as a prevailing party. *McMillan*, 195 Mich App at 466. Although McLaren intervened in this case, Blacksher litigated the claim as well, including before McLaren intervened. And Blacksher would have owed to McLaren the $8,012.80 awarded in the verdict if the jury had not made that award. Thus, Blacksher's position improved as a result of the litigation. *Fansler*, 266 Mich App at 128. On the entire record, we conclude that Blacksher was appropriately deemed a prevailing party.

State Farm next argues that the costs award to Blacksher included items for which there was no statutory authority to tax costs. We agree. Although the trial court did not expressly designate the items for which it allowed costs, the costs award appears to have been based on the itemized invoice appended to Blacksher's supplemental motion for attorney fees and costs. Included in the invoice were copying charges, postage expenses, case evaluation fees, mileage expenses, parking expenses, courier fees, costs to obtain the trial transcripts for a posttrial motion or for the prior appeal in Docket No. 312107, costs for some depositions with respect to which the transcripts were not filed in the clerk's office, and exhibit presentation board costs. There is no statutory authority to award these costs. See MCL 600.2549 ("Reasonable and actual fees paid for depositions of witnesses *filed in any clerk's office* . . . shall be allowed in the taxation of costs only if, at the trial or when damages were assessed, the depositions were read in evidence, except for impeachment purposes . . . .") (emphasis added); MCL 600.2543(2) ("Only if the

-7-

transcript is desired for the purpose of moving for a new trial or preparing a record for appeal shall the amount of reporters' or recorders' fees paid for the transcript be recovered as a part of the taxable costs of the prevailing party in the motion, in the court of appeals or the supreme court."); *Van Elslander v Thomas Sebold & Assoc, Inc*, 297 Mich App 204, 223; 823 NW2d 843 (2012) ("Although the cost of trial transcripts constitutes a taxable cost in an appeal, it is inappropriate to include the cost of transcripts prepared for an appeal as costs recoverable by the prevailing party in a civil action.") (citations omitted); *Guerrero*, 280 Mich App at 673 ("No statute or court rule allows the taxation of expenses related to the general copying of documents."); *id*. at 674 ("[C]ase evaluation fees, formerly known as mediation fees, are not taxable as costs."); *id*. at 673 ("Although the traveling expenses of witnesses may be taxed as costs, there is no statute or court rule allowing for the taxation of the traveling expenses of attorneys or parties.") (citations omitted); *id*. at 672-673 ("The expense of exhibit enlargement is not a taxable cost."). Because the trial court lacked statutory authority to award the costs challenged on appeal, we vacate in part the costs award to Blacksher and direct the trial court on remand to enter an amended judgment excluding from the costs award the items for which there is no statutory authority to tax costs.[3]

State Farm next asserts that the award of costs to McLaren was comprised of uncollectable consultation or contractor fees predicated on invoices from two attorneys, P. David Palmiere and Charles J. Gerlach, who were not employed by the office of McLaren's counsel and who never entered an appearance in this case. Palmiere charged $280, and Gerlach charged $2,463.65, which together amount to $2,743.65, the entire amount awarded as costs to McLaren. State Farm notes that these fees were not recovered as part of the attorney fee award and that no statutory provision allows the recovery of such consultation or contractor fees as taxable costs. We agree. There is no statutory authority allowing the award of fees for legal consultants or contractors as taxable costs. McLaren asserts that, although Palmiere and Gerlach are attorneys, they provided nonlegal services that can be taxed as costs. McLaren suggests that Palmiere conducted medical research for McLaren's counsel and that Gerlach "performed similar types of non-lawyer services." McLaren cites no support in the record for this assertion, and the invoices manifestly refer to legal services that Palmiere and Gerlach provided to McLaren's counsel, including consultations on legal issues. Because there is no statutory authority allowing these consultant fees as taxable costs, and because the entire costs award to McLaren appears to be comprised of these fees, the costs award to McLaren is reversed. *Guerrero*, 280 Mich App at 670. State Farm further argues that other costs sought by McLaren included mileage and parking expenses; State Farm correctly notes that, as discussed earlier, there is no statutory authority to tax such expenses as costs. Again, however, it appears that the entirety of the costs award in favor of McLaren was comprised of the consultant fees that could not be taxed.

---

[3] The trial court did not itemize the costs that it awarded. The invoice of costs that Blacksher submitted below came to a total of $19,343.20, but the trial court awarded $16,871.79 in costs to Blacksher. If the trial court has already excluded any of the items for which there is no statutory authority to tax costs, then the trial court should not, of course, exclude those items a second time on remand.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. No costs, neither party having prevailed in full. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Elizabeth L. Gleicher