*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FARROW GROUP, INC,

Plaintiff-Appellant,

v

DETROIT LAND BANK AUTHORITY,

Defendant-Appellee.

UNPUBLISHED
January 7, 2021

No. 351138
Wayne Circuit Court
LC No. 17-002792-CK

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Plaintiff, Farrow Group, Inc., (hereinafter, "Farrow") appeals as of right a supplemental opinion and order, issued after remand from this Court[1], granting summary disposition to defendant, Detroit Land Bank Authority (hereinafter, "DLBA") with respect to Farrow's promissory estoppel claim. We affirm.

## I.     STATEMENT OF FACTS

This case arises out of a call for bids from contractors for demolition of various properties

in Detroit. This Court previously summarized the facts leading to the first appeal to this Court in its earlier opinion:

> DLBA is an independent public authority that was statutorily created to deal with vacant and abandoned property in the City of Detroit. As such, it has demolished more than 10,000 structures since 2014. Farrow Group, Inc. ("Farrow"), is a demolition contractor who performed demolition work for DLBA in the past.

---

[1] *Farrow Group, Inc v Detroit Land Bank Authority*, unpublished per curiam opinion of the Court of Appeals, issued May 21, 2019 (Docket No. 341822),

-1-

In June 2016, Farrow submitted bids to the Detroit Building Authority ("DBA") for demolition work on properties owned by the DLBA pursuant to DBA's request for proposals ("RFP"). The DBA was acting as the DLBA's procurement manager. The bids were for demolition work on approximately 155 properties located in the City of Detroit. Farrow claims it had contracts with the DLBA to perform the demolition work on these properties and that it purchased more than $700,000 worth of equipment in reliance on the contracts. Farrow maintains the DLBA breached the contracts when it informed Farrow in October 2016 that all June 2016 RFPs needed to be re-bid per direction of the Michigan State Housing Development Authority and the United States' Department of Treasury.

Farrow filed a three count complaint against the DLBA claiming breach of contract, promissory estoppel and asking this Court for injunctive relief. The DLBA filed [a] motion pursuant to MCR 2.116(C)(8) claiming Farrow ha[d] failed to state a claim on which relief can be granted. [*Farrow Group, Inc v Detroit Land Bank Authority*, unpublished per curiam opinion of the Court of Appeals, issued May 21, 2019 (Docket No. 341822), pp 1-2.]

The trial court had granted DLBA's motion for summary disposition in its entirety. While this Court agreed with the trial court's determination that Farrow's breach of contract claimed failed, we did not reach the same conclusion with respect to the trial court's decision on Farrow's promissory estoppel claim. With regard to the promissory estoppel claim, this Court stated:

But we are not persuaded that the trial court correctly granted summary disposition on [Farrow]'s promissory estoppel claim. Indeed, it is not at all clear to us why the trial court granted summary disposition on this count inasmuch as there is no analysis or discussion of this claim. In any event, [Farrow]'s complaint does plead a claim based upon promissory estoppel. Whether the claim can survive summary disposition requires greater consideration and analysis by the trial court. It certainly does not automatically fail merely because the breach of contract claim fails. [*Id.* at 3]

We thus affirmed the trial court's order granting summary disposition to defendant on plaintiff's breach of contract claim but held that, "[t]he grant of summary disposition on the promissory estoppel claim is reversed and remanded for further proceedings consistent with this opinion."

On remand, the trial court entered a supplemental opinion and order granting DLBA's motion for summary disposition regarding Farrow's promissory estoppel claim (hereinafter, the "supplemental opinion"). The trial court found the alleged statements made by DBA or DLBA employees were too vague to have reasonably induced reliance on the part of Farrow and that Farrow had various opportunities to "identify the pendant nature of the contracts." This appeal ensued. On appeal, Farrow argues the trial court erred on two separate grounds: (1) exceeding the scope of its authority on remand by issuing the supplemental opinion; and (2) granting summary disposition to DLBA on the promissory estoppel claim.

## II. AUTHORITY ON REMAND

Farrow argues the trial court erred in issuing the supplemental opinion on remand. Specifically, Farrow contends this Court's May 21, 2019 opinion did not instruct, direct, or invite the trial court to issue a supplemental opinion and the trial court, and, in issuing a supplemental opinion, the trial court exceeded the scope of the trial court's authority on remand. Farrow further contends that because neither party requested clarification of the trial court's summary disposition order or moved for reconsideration of that order, the trial court erred in sua sponte issuing a supplemental opinion.

"Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). "Generally, this Court's ruling on an issue in a case will bind a trial court on remand and the appellate court in subsequent appeals." *Id*. at 127. "[T]he trial court is bound to strictly comply with the law of the case, as established by the appellate court, according to its true intent and meaning." *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008) (citations and quotation marks omitted). The doctrine only applies to questions explicitly or implicitly determined in the previous decision. *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000). Therefore, the doctrine does not apply to issues that were raised in a previous appeal, but not decided by the appellate court. See *Thorin v Bloomfield Hills Bd of Ed*, 203 Mich App 692, 697; 513 NW2d 230 (1994).

"The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544, 705 NW2d 365 (2005), quoting *People v Fisher*, 449 Mich 441, 446-447, 537 NW2d 577 (1995). When "an appellate court gives clear instructions in its remand order, it is improper for a lower court to exceed the scope of the order." *K & K Constr, Inc*, 267 Mich App at 544 (quotation marks and citations omitted).

Farrow correctly notes this Court did not specifically direct the trial court to consider and discuss whether the promissory estoppel claim survived DLBA's motion for summary disposition, nor did this Court order the issuance of a supplemental opinion. However, while Farrow argues that trial court was prohibited from issuing the supplemental opinion as a result of the lack of any instruction or direction to the trial court to do so on remand in the May 21, 2019 opinion, a trial court is not so limited on remand. A trial court is not constrained from acting on remand when an appellate court remands without instructions. *K & K Constr, Inc*, 267 Mich App at 544. Rather, in the absence of instruction on remand, "a lower court has the same power as if it made the ruling itself." *Id*.

Here, the trial court issued the supplemental opinion to add reasoning supporting its original order granting summary disposition to DLBA with regard to the promissory estoppel claim. Absent explicit instructions from this Court on remand, the trial court's doing so did not exceed the scope of its authority on remand.

Contrary to Farrow's assertion, this Court's May 21, 2019 opinion did not explicitly determine whether Farrow's promissory estoppel claim survived DLBA's motion for summary disposition. Rather, this Court found that the promissory estoppel claim could not be dismissed

on the basis of the justification explicated by the trial court. Specifically, this Court determined that the promissory estoppel claim was not predicated on, or interrelated with, Farrow's breach-of-contract claim and that the dismissal of the breach-of-contract claim thus did not require the dismissal of the promissory estoppel claim. *Farrow*, unpub op at 3. This Court also identified the trial court's failure to provide any analysis or discussion of the promissory estoppel claim in its initial order granting summary disposition to DLBA. Because the promissory estoppel claim "does not automatically fail merely because the breach of contract claim fails[,]" this Court was "not persuaded that the trial court correctly granted summary disposition on [Farrow's] promissory estoppel claim" but did not explicitly rule on whether the promissory estoppel claim would survive. *Id.*

Farrow highlights the May 21, 2019 opinion language stating "[Farrow's] complaint does plead a claim based on promissory estoppel" in support of its argument that this Court explicitly held the promissory estoppel claim survived DLBA's motion for summary disposition on the basis of the pleadings. *Farrow*, unpub op at 3. Yet the relevant context of the May 21, 2019 opinion clearly contradicts Farrow's interpretation. Immediately after recognizing Farrow pleaded a claim on the basis of promissory estoppel, this Court stated: "[w]hether the claim can survive summary disposition requires greater consideration and analysis by the trial court." *Id.* In light of the trial court's lack of explanation regarding the promissory estoppel claim, it is clear this Court refrained from determining the viability of the promissory estoppel claim in the May 21, 2019 opinion in favor of allowing the trial court to first consider and analyze the issue. The May 21, 2019 opinion thus found that Farrow *raised* a promissory estoppel claim separate from the breach-of-contract claim, but did not determine whether Farrow *properly or sufficiently* pleaded this claim.

Farrow further contends that the May 21, 2019 opinion determined that the promissory estoppel claim survived DLBA's motion for summary disposition because this Court did not award costs, "neither party having prevailed in full." According to Farrow, because DLBA was not considered a prevailing party on the promissory estoppel issue, this Court held that the motion for summary disposition was improperly granted with regard to the promissory estoppel claim. However, Farrow's argument fails to identify why this Court's determination that neither party prevailed in full *necessarily* indicates that this Court found Farrow's promissory estoppel claim was properly pleaded.

Under MCR 7.219(A), a party is entitled to costs if they are a "prevailing party" in a civil action. Additionally, "[e]xcept as provided in this rule, MCR 2.625 applies generally to taxation of costs in the Court of Appeals." MCR 7.219(H). MCR 2.625(B)(2) states:

> In an action involving several issues or counts that state different causes of action or different defenses, the party prevailing on each issue or count may be allowed costs for that issue or count. If there is a single cause of action alleged, the party who prevails on the entire record is deemed the prevailing party.

"[I]n order to be considered a prevailing party, that party must show, at the very least, that its position was improved by the litigation." *Fansler v Richardson*, 266 Mich App 123, 128, 698 NW2d 916 (2005), quoting *Forest City Enterprises, Inc v Leemon Oil Co*, 228 Mich App 57, 81, 577 NW2d 150 (1998). DLBA's position was not improved by the litigation when this Court

declined to affirm the trial court's original dismissal of the promissory estoppel claim. Therefore, DLBA was not the prevailing party with regard to the promissory estoppel claim, and was not entitled to costs simply because it had not fully prevailed.

Finally, we find no merit in Farrow's argument that the trial court was not permitted to issue its supplemental opinion sua sponte on remand. MCR 2.116(I)(1) provides, "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." This Court has previously determined that a trial court has authority to grant summary disposition sua sponte when the pleadings show that a party is entitled to judgment as a matter of law. See *Al-Maliki v LaGrant*, 286 Mich App 483, 485, 781 NW2d 853 (2009). The trial court determined that the pleadings showed that DLBA was entitled to summary disposition as a matter of law on plaintiff's promissory estoppel claim, as it was permitted to do under MCR 2.116(I)(1).

Because this Court did not rule on whether Farrow's promissory estoppel claim survived DLBA's motion for summary disposition, the trial court had no appellate ruling on this particular question to which it was bound. See *Grievance Administrator*, 462 Mich at 260 (holding that law of the case doctrine only applies when a question is explicitly or implicitly determined by the appellate court). Therefore, the trial court did not exceed the scope of its authority when sua sponte issuing the supplemental opinion and did not otherwise err in issuing the supplemental opinion on remand.

III. PROMISSORY ESTOPPEL

Next, Farrow argues that summary disposition was inappropriate under MCR 2.116(C)(8) regarding the promissory estoppel claim because Farrow properly pleaded evidence of a promise by DLBA and by DBA as an express agent of DLBA and because the trial court was required to accept its well-pleaded allegations as true, including its allegation that it reasonably relied on the alleged representations by DLBA to purchase equipment in preparation for the demolition sites Farrow was awarded after bidding. We disagree.

"Appellate review of the grant or denial of a summary disposition motion is de novo, and the court views the evidence in the light most favorable to the party opposing the motion." *West v Gen Motors Corp*, 469 Mich 177, 183, 665 NW2d 468 (2003). "A court may grant summary disposition under MCR 2.116(C)(8) if '[t]he opposing party has failed to state a claim on which relief can be granted.'" *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010), quoting MCR 2.116(C)(8). "A motion under MCR 2.116(C)(8) may be granted only when the claims alleged 'are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.'" *Johnson v Pastoriza*, 491 Mich 417, 435, 818 NW2d 279 (2012) (citation omitted). The legal sufficiency of the claim is tested on the basis of the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603, 835 NW2d 413 (2013); MCR 2.116(G)(5). "When deciding a motion under MCR 2.116(C)(8), the court must accept as true all factual allegations contained in the complaint." *Id*.

"The elements of a promissory estoppel claim consist of (1) a promise (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee and (3) that, in fact, produced reliance or forbearance of that nature (4) in

circumstances requiring enforcement of the promise if injustice is to be avoided." *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 41; 761 NW2d 151 (2008). Evaluation of a promissory estoppel claim includes a threshold inquiry into the circumstances regarding the making of an alleged promise and the reliance on that promise. *State Bank of Standish v Curry*, 442 Mich 76, 84, 500 NW2d 104 (1993). "A promise giving rise to an actionable claim must be 'clear and definite,' while statements that are 'indefinite, equivocal, or not specifically demonstrative of an intention respecting future conduct, cannot serve as the foundation for an actionable reliance.' " *Bodnar v St John Providence, Inc*, 327 Mich App 203, 227, 933 NW2d 363 (2019), quoting *State Bank of Standish*, 442 Mich at 85-86. "To determine whether a promise existed, courts must objectively evaluate the circumstances of the transaction, including the parties' words, actions, and relationship." *Bodnar*, 327 Mich App at 227. "[T]he reliance on [the promise] must be reasonable." *Zaremba Equip, Inc*, 280 Mich App at 41. The doctrine of promissory estoppel must be cautiously applied; only to circumstances where the facts are unquestionable and the wrong to be prevented undoubted. *Bodnar*, 327 Mich App at 227.

With regard to the first element of promissory estoppel, it is necessary to determine whether Farrow pleaded that a clear, definite promise was made by DLBA. See *State Bank of Standish*, 442 Mich at 84 (finding the sine qua non of the theory of promissory estoppel is that the promise be clear and definite). Farrow highlights several portions of the complaint to argue it successfully pleaded that a promise was made by DLBA, or an entity authorized to bind DLBA (e.g., DBA, DLBA employees and affiliates).

With regard to the DBA, Farrow claimed the DBA made representations constituting a promise to Farrow when the DBA was acting as an express agent of DLBA. Generally speaking, "the principal is bound by, and liable for, the agent's lawful actions performed under the auspices of the principal's actual or apparent authority." *Persinger v Holst*, 248 Mich App 499, 505, 639 NW2d 594 (2001).

Farrow argues the trial court erred in concluding that the DBA and its employees could not bind DLBA, because the DBA's ability to bind DLBA as DLBA's agent was a question of fact, which the trial court was required to accept as true for purposes of the motion for summary disposition under MCR 2.116(8). "[W]here there is a disputed question of agency, any evidence, either direct or inferential, which tends to establish an agency relationship creates a question of fact for the jury to determine." *Vargo v Sauer*, 457 Mich 49, 71; 576 NW2d 656 (1998).

Farrow pleaded in its complaint that the DBA operated as project manager for DLBA concerning the blight demolition program and that the DBA communicated to it regarding the bidding process of the program and contracts for demolition. Thus, the trial court was required to accept that the DBA operated as DLBA's agent when making the alleged statements pleaded by Farrow in its evaluation of DLBA's motion for summary disposition.

Nevertheless, Farrow's complaint failed to indicate statements constituting a clear and definite promise made by DBA. Farrow's complaint pleaded several purported statements made by the deputy director of the DBA, including statements that Farrow should "procure the necessary equipment," Farrow should " 'gear up' to start the work" and that an employee of DLBA was "working on the contracts" which "would be coming next week." Even assuming DBA was able to bind DLBA, the alleged representations that Farrow should "gear up" to work and that the

contracts were in progress with DLBA were not promises, but "words of assurance or statements of belief . . . ." *State Bank of Standish*, 442 Mich at 90. Mere predictions of future events, or statements of opinion, are not promises under the doctrine of promissory estoppel. *Ypsilanti Twp v Gen Motors Corp*, 201 Mich App 128, 134 n 2; 506 NW2d 556 (1993), citing *State Bank of Standish*, 442 Mich at 86. These statements alone thus do not constitute a clear and definite promise.

However, Farrow's complaint also pleaded that DLBA itself engaged in conduct constituting a promise: specifically, DLBA awarded the demolition work to Farrow on the basis of Farrow's particular bid (as evidenced by the entries in the DLBA-managed database), and prevented Farrow from lodging any new bids as a result of having been awarded the demolition work at issue. A jury could find from the evidence that DLBA had promised to give the demolition work to Farrow, the terms of which could be objectively determined from the nature of the accepted bid and the allegedly customary practices of awarding work packages through the DLBA-managed database. See *Bodnar*, 327 Mich App at 227 (finding courts must evaluate the circumstances of the transaction, including the parties' words, actions, and relationship, as an initial inquiry into whether the promise existed).

Yet even were this Court to conclude that DLBA's conduct indicated Farrow's bid was accepted, and that the terms of the allegedly accepted bid were sufficiently definite such that they constituted a promise, any reliance on Farrow's part on these representations was unreasonable. As the trial court recognized, the pleadings indicate Farrow had numerous opportunities to recognize the pendant nature of the contracts for the allegedly awarded demolition sites such that the parties were not bound. This Court previously found summary disposition was appropriate with regard to Farrow's breach-of-contract claim because "it was clearly indicated in the RFP that the parties would be bound only by a written contract," yet it was undisputed that no written contract existed. *Farrow*, unpub op at 3. Farrow's complaint also acknowledged that DLBA failed to provide Notices to Proceed for any of the demolition properties, as required by the RFP before commencement of any field work. Farrow claims that the trial court's reliance on the pending nature of the contracts was incorrect for being immaterial to the promissory estoppel claim, arguing that these pleaded facts were solely relevant to this Court's previous determination that no contract existed between the parties. However, Farrow's argument is unavailing. Because the RFP clearly outlined the process necessary to formalize an accepted bid into a contract, Farrow knew, or should have known, that even if it was awarded a bid, Farrow still needed to complete several steps to receive and enter into a binding agreement. Farrow's pleadings failed to demonstrate that any promise made by DLBA was one which was "reasonably . . . expected to induce action of a definite and substantial character on the part of the promise." *Zaremba Equip, Inc*, 280 Mich App at 41. Therefore, the trial court did not err in granting summary disposition to DLBA regarding the promissory estoppel claim.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica

-7-